Napton, judge,
delivered the opinion of the court.
This action was originally brought before a justice of the peace, and was determined before the justice on the 3d February, 1848.
An appeal was taken, and the transcript filed in the St. Louis circuit court, which court commenced its sittings on the 17th April, 1848. The common pleas sat on the 7th February 1848. The appeal was dismissed from the circuit court, on the ground that it should have been taken to the common pleas.
The circuit court and common pleas in St. Louis, have concurrent jurisdiction in cases of appeals from justices’ courts. All appeals allowed ten days before the first day of the term of the appellate court next after the appeal allowed, are decided at such term, unless continued for cause. This is a general provision regulating appeals from justices courts, applicable as well in St. Louis county as elsewhere. The act of February 17th, 1843, which was confined in its operations to St. Louis county, directed that the justice, from whose judgment an appeal was taken, should, on or before the first day of the circuit court or court of common pleas, as the one or the other might be held next after the appeal allowed, file in the office of the clerk of said court the transcript &c. By the general law regulating justices courts, passed in 1845, the justice is required, on or before the first day of the court next after an appeal, to file his transcript with the clerk of such court.
We do not think it important to inquire whether the act of 1843 was repealed by the subsequent enactments in the revised code of 1845, as we should put the same construction upon either law. The object of the provisions referred to in the act of 1843, and the one contained in the revision of 1845, is obviously to expedite the settlement of these appeal cases, at as early a period as would not be inconsistent with a reasonable time for preparing the papers and the testimony for trial. The appeal is not to be tried within ten days from the time it is taken in any, case ; but after the lapse of that time, which was doubtless thought sufficient for the purpose above suggested, it is to be tried at the first term of the court to which it is taken, and in St. Louis, it is to be laken to that court where a trial may be first had. This is the spirit of the law of 1843, and the appellant evidently complied with its spirit and intention, by taking his appeal to the circuit court, although the common pleas held a session before that of the circuit court, and after the appeal was granted. As the session of the common pleas commenced within the ten days after the appeal, the case, if taken to that court, could not *295 have been tried until the second term, whereas, by taking it to the circuit court, it was triable at the first term, and this term commenced months before the second term of the common pleas. The law is, as we ■ understand it, that the appeal shall be taken to that court whose sittings commenced first after the appeal, having jurisdiction to try the case at that term.
The other judges concurring, the judgment is reversed and the cause remanded.