MECHANICS' BANK, Plaintiff in Error, v. JOHN E. PITT et al., Defendants in Error.

1. *Sale—Sheriff's return—Memorandum indorsed on—Inadequacy of price—Sale set aside, when.*— Where the sheriff's return upon an execution which had been levied upon certain shares of stock showed neither an advertisement nor public sale of the stock; and the only evidence of a sale at all was a mere memorandum or calculation of a sum of money made by some sale, indorsed on the back of the execution, and the price shown to be realized was greatly inadequate, the sale would be properly set aside on motion.

*Error to Fifth District Court*

*Doniphan*, for plaintiff in error.

*Woodson*, and *Vinyard & Young*, for defendants in error.

BLISS, Judge, delivered the opinion of the court.

The plaintiff's branch at Weston sold all its assets to the Platte Savings Institution, among which was a judgment in the Platte

Circuit Court against defendant Pitt and his securities, for about $1,000. Three executions were issued upon the judgment at the instance of the Savings Institution, upon one of which levy was made upon a number of parcels of land. The second execution was issued April 25, 1865, to the sheriff of St. Louis county, by an indorsement upon which it appears that on the 29th of April he levied upon thirteen shares of stock of this Western Branch as the property of Pitt. There is no indorsement of advertisement or sale, but instead of it the following memorandum:

"Made by sale, May 11, 1865................................$180 00
    Cost taxed...........................................$39 70
    Advertising..........................................  7 00
    Ser. and Com. and Copies.....................  9 05—$ 55 75—$74 25
        "Which leaves $74.25 to be applied on this debt," etc.

A third execution was issued, upon which this $74.25 was applied, and the balance paid in cash. It does not appear when the execution issued to St. Louis county was returned, but at the September term, 1865, of the Circuit Court of Platte county, defendant Pitt filed his motion to set aside the sale made under it. The chief ground relied on is the irregularity of the sale — that it was made without advertisement or notice according to law. Testimony was submitted for and against the motion, tending to show some management to get possession of the bank stock at less than its value; and it appears that before the sale an offer by the Savings Institution of 80 per cent. for the stock, theretofore made and refused, was accepted by Pitt, and, through the agents of the bank and Institution, a power of attorney was sent to Mr. Burns, of St. Louis, to transfer it, but it arrived the day after the sale. It also appeared that the execution was issued for the use of the Savings Institution, and that the stock was bid in by its agent. The Circuit Court sustained the motion to set aside the sale, and the District Court affirmed its action.

This matter is relieved of the embarrassment often attending matters of this kind by the intervention of the rights of third parties. No innocent purchaser can lose by the action of the court, and the Circuit Court was justified in acting upon irregularities less flagrant than if outsiders were thereby to suffer. The

return of the sheriff of St. Louis county does not show that he complied with the law in the sale of this stock. It shows neither an advertisement nor a public sale; and that there was any sale is a mere inference of a memorandum or calculation of what was made by some sale. Indeed, it can hardly be supposed that at a public sale, in the city of St. Louis, of stock of an institution so well known as the Mechanics' Bank, and worth, as appears, at least eighty cents on the dollar, only twelve cents could be obtained.

There were other circumstances connected with the conduct of the parties in interest and purchasers, tending to influence the action of the Circuit Court, and we are not disposed to interfere with that action. The other judges concur.