AMERICAN WINE COMPANY ET AL., Appellants, *v.* JOHN H. SCHOLER, Respondent.

### February 27, 1883.

ACTION TO SET ASIDE EXECUTION SALE.— A motion to set aside a sale under execution made in the original cause, is the proper mode of proceeding for that purpose.

2. —— PLEADINGS. — In such a proceeding, the facts should be set out in the motion, as in a bill in equity.

3. —— PRACTICE. — The purchaser at the execution sale is properly brought in, in such a proceeding, by notice, without the issuance and service of summons.

4. —— EXCEPTIONS. — In a proceeding by motion, an exception to the action of the court in disposing of the motion cannot be saved by excepting to the order of the court in overruling a motion for a rehearing.

5. —— JURISDICTION. — If the motion to set aside an execution sale is made on the return day of the *fieri facias*, there is no such delay as will prevent the court from taking jurisdiction.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Affirmed.*

J. M. & C. H. KRUM, for the appellant: From the time the sheriff levied the execution on the property in question, he became *quasi* the agent of the defendant for the sale of the stock. Between the purchaser and the defendant in the execution the law raises a contract of sale the same as if made with himself. — *McKnight* v. *Gordon*, 13 Rich. 222. A sheriff, in making a sale under an execution, acts as the ministerial officer of the law and not as the organ of the court. He is not its instrument or agent (as in case of judicial sales) and the court is not the vendor.— Bac. Abr., tit. "Sheriff," m ; *Freeman* v. *Hunt*, 3 Dana, 614 ; *South* v. *Maryland*, 18 How. 396 ; *Griffith* v. *Fowler*, 18 Vt. 394. The irregularity must be such as to render the whole proceeding a nullity. — *Draper et al.* v. *Bryson et al.*, 17 Mo. 71 ; *Weber* v. *Cox*, 6 T. B. Mon. 110 ; *Howe* v. *Starkweather*, 17 Mass. 240 ; *May* v. *Thomas*, 48 Me. 397. It is the policy of the law that the title of purchasers acquired under execution sales shall be maintained, and a sale may be valid though the statutory requirement may not have been complied with by the sheriff in making such sales. — Herman on Ex. 512, sect. 342 ; *Lenox* v. *Clark*, 52 Mo. 115 ; *Little* v. *Zunts*, 2 Ala. 260. A sale of personal property under execution, if fair and the execution be valid, carries to the purchaser the title and right of the debtor to the property, if the purchaser himself is not in fault. — *Hamilton* v. *Shrewsbury*, 4 Rand. 427 ; *Ponder* v. *Mosely*, 2 Fla. 207 ; *Hobein* v. *Murphy*, 20 Mo. 447 ; *Lawrence* v. *Speck*, 2 Bibb. 40 ;

*Pollard* v. *King*, 63 Ill. 36; *Curd* v. *Lackland*, 9 Mo. 451; *Smith* v. *Randall*, 6 Cal. 47; *Houck* v. *Cross*, 67 Mo. 151. The action of the trial court constituted a judgment.—*Stagel* v. *Murdock*, 65 Mo. 524. Appellate courts will review the judgment of the trial courts independently of any question of exception.—*Bateson* v. *Clark*, 37 Mo. 34; *City* v. *Milligan*, 18 Mo. 181.

KEHR & TITTMAN, for the respondent: Every one taking title under the process of a court must be understood as taking subject to the approval by the court of the proceedings had under it.—*Ray* v. *Stobbs*, 28 Mo. 38; *Nelson* v. *Brown*, 23 Mo. 13; *Downing* v. *Still*, 43 Mo. 309–328. A proceeding to vacate a judicial sale may be begun by motion.—Freeman on Ex., sects. 306, 310; Rorer on Jud. Sales, sects. 1081, 1082; *Malloy* v. *Batchelder*, 69 Mo. 503; *Holden* v. *Vaughan*, 64 Mo. 588. A motion to set aside an execution sale, being a proceeding at law, the appellate court will not review or weigh the evidence. — *Holden* v. *Vaughan*, 64 Mo. 588. The levy upon three hundred and thirty-three full-paid shares of the par value of $33,300, under an execution for $5,739.71, was excessive and oppressive.— *Silver* v. *McNeil*, 52 Mo. 518; *Hannibal, etc., Co.* v. *Brown*, 43 Mo. 294; *Phillips* v. *Evans*, 64 Mo. 24. The defendant in the execution, having been misled by the assurance given his attorney by the deputy sheriff as to the hour of sale, and his property having been sacrificed in consequence of it, the sale should be set aside. — Rorer on Jud. Sales, 409, sect. 1099; *The State ex rel.* v. *Moore*, 72 Mo. 285; *Parker* v. *Railroad Co.*, 44 Mo. 415. The sheriff is bound by the acts and declarations of his deputy. — *Stevenson* v. *Potter*, 45 Mo. 358. The power to sell property does not confer the right to sacrifice it. If he can see that property is about to be sacrificed, he is not bound to accept the bid, but may delay or adjourn the sale. Under such circumstances, he would be justified in making the return that the property levied on was not sold for the

want of bidders.— *Conway* v. *Nolte*, 11 Mo. 74 ; *Shaw* v. *Potter*, 50 Mo. 281 ; *Good* v. *Crow*, 51 Mo. 212 ; *Strawbridge* v. *Shaw*, 52 Mo. 21 ; *The State ex rel.* v. *Moore*, 72 Mo. 285. The rule in this state and elsewhere is, " to disallow in every case a lumping sale by the sheriff where, from the distinctness of the items of property, he can make distinct sales. There may be exceptions, but the purchaser must bring himself within them.'' Such is the rule laid down in *Rowley* v. *Brown*, 1 Binn. 62 ; quoted and approved in *Rector* v. *Hart*, 8 Mo. 461 ; and affirmed in *Kelly* v. *Hurt*, 61 Mo. 463 ; *The State ex rel.* v. *Yancy*, 61 Mo. 397 ; *Bouldin* v. *Ewarts*, 63 Mo. 331 ; Freeman on Ex. 491, sect. 296. The price bid is so grossly inadequate as to make it unconscionable to permit the sale to stand. — *Nelson* v. *Brown*, 23 Mo. 13 ; *Mechanics' Bank* v. *Pitt*, 44 Mo. 364 ; *Parker* v. *Railroad Co.*, 44 Mo. 415 ; *Mitchell* v. *Jones*, 50 Mo. 438 ; *Wagner* v. *Phillips*, 51 Mo. 117. No exception was taken to the action of the court below in sustaining the motion to set aside the sheriff's sale. The motions for new trial and the exception of appellants to the overruling thereof, are of no avail. Hence appellants have preserved no exceptions whatever by the record, and there is nothing for this court to review.— *Welsh* v. *Monks*, 12 Mo. App. 579.

THOMPSON, J., delivered the opinion of the court.

This appeal is taken from an order made in a proceeding by motion setting aside an execution sale, and awarding a writ of *venditioni exponas* in respect of the property levied upon. No exception was taken to. the final order of the court upon the motion ; but the appellants, the American Wine Company, which was the plaintiff in the execution, and Isaac Cook, who was the purchaser at the execution sale, on the day on which the order was made, filed motions to set aside the order, and for a new trial, or rehearing of the motion, setting forth specific reasons therefor ; which motions the court overruled, and the appellants, at the time,

excepted. It is perceived that the appellants, by failing to except to the order of the court upon the motion, have precluded themselves from raising any objection thereto not going to the jurisdiction of the court over the proceeding. It is a well-settled rule of practice that, in a proceeding by motion, an exception to the order of the court disposing of the motion cannot be saved by filing a motion for a rehearing or new trial, and, when this is overruled, saving an exception to this ruling. *Bremen Saving Bank* v. *Allen*, 7 Mo. App. 579; *Welsh* v. *Monks*, 12 Mo. App. 579.

This ruling seems highly technical, and if I were asked to give a reason for it, I should not venture to do so. It was established as a rule of practice by the supreme court, and this court has therefore felt itself not at liberty to disregard it, but has followed and applied it wherever it has been insisted on, and must do so now.

It therefore remains only to consider the objection that the court had no jurisdiction to entertain the motion to set aside the execution sale. The objection is not well taken. That this is a proper mode of proceeding, is settled by a long line of decisions in this state; and it is no objection that, in order to succeed on such a motion, the moving party sets out the facts on which he rests his claim for relief with as much fulness as he would if he were seeking the same relief through a bill in equity. He will seek his relief by a presentation of the facts which entitle him to that relief; and it is certainly no objection that he sets those facts out with fulness and precision. The motion in this case was made on the first day of the term after the sale took place, which was the return day of the writ of *fieri facias*. There can, therefore, be no objection to the jurisdiction growing out of any delay in instituting the proceeding. *Nelson* v. *Brown*, 23 Mo. 13; *Ray* v. *Stobbs*, 28 Mo. 35; *Downing* v. *Still*, 43 Mo. 309, 321. Every court has control of its own

process, and jurisdiction to entertain proceedings by motion to prevent or redress an abuse of the same ; and the cases are numerous in this state, where proceedings by motion have been entertained to set aside execution sales on grounds similar to those set up in the present motion.   See *Hicks* v. *Perry*, 7 Mo. 346 ; *Clamorgan* v. *O'Fallon*, 10 Mo. 112 ; *Nelson* v. *Brown*, 23 Mo. 13 ; *Meir* v. *Zellé*, 31 Mo. 331 ; *Harrison* v. *Cachelin*, 35 Mo. 79 ; *Mechanics' Bank* v. *Pitt*, 44 Mo. 364 ; *Parker* v. *Railroad Co.*, 44 Mo. 415 ; *The State ex rel.* v. *Yancy*, 61 Mo. 397 ; *Holden* v. *Vaughan*, 64 Mo. 588 ; *Malloy* v. *Batchelder*, 69 Mo. 503.   In *Mechanics' Bank* v. *Pitt* (*supra*), the property sold under the execution consisted of certain shares of stock, as in this case.

The appellant Cook was properly notified of the motion. There is nothing in the objection that he could not be brought into court in such a manner as to conclude his rights, except by summons in a suit in equity.   In *Malloy* v. *Batchelder* (*supra*), the principle is recognized that even the vendee of the purchaser at an execution sale may be brought before the court by notice, and thus made a party to a motion to set the sale aside.   In that case it was held that the motion to set aside the sale was properly denied, for the reason that such vendee had not been notified.

It thus appears that there is nothing in this record for an appellate court to review ; and, strictly speaking, our duty does not require us to say more.   But it may not be amiss for us to say that we have looked through this record, and, while we cannot doubt that the sheriff and his deputies acted in good faith, it discloses that they acted upon highly erroneous views of their duty.   Three hundred and thirty-three shares of stock, of the par value of $100 per share, and of the actual value of at least $75 per share, were levied upon under a judgment for $7,539.71.   The levy was

excessive. It may not be saying too much to say that it was grossly excessive. The sale of this property was advertised by hand-bills, of which two were posted up at different doors of the court-house, and a bunch were hung up in the sheriff's office. These hand-bills, in their body, announced that the sale would take place between the hours of nine o'clock in the forenoon and five o'clock in the afternoon, but at the bottom of them occurred the words, " Sale commences at ten o'clock A. M." On the day before the sale, the defendant's attorney applied to a deputy in the sheriff's office to know at what hour the sale would, in fact, take place, and was informed that it would take place at twelve M., which the evidence tends to show, was the customary hour for making such sales. Acting on the faith of this information, the defendant procured some friends to agree to become his sureties in a bond for *supersedeas*, on an appeal from the judgment, and it was arranged that, failing in this, his friends should attend the sale and bid, for the purpose of protecting his interest. With these friends and his counsel, he went into court at the opening hour, ten o'clock, on the day of the sale, for the purpose of tendering a *supersedeas* bond as soon as counsel could be heard. While waiting for this purpose in the court-room, they heard that a deputy sheriff was crying the sale at the court-house steps. They went out immediately and found that the sale had taken place; that the three hundred and thirty-three shares of stock had been offered for sale in a lump, and had been sold to Isaac Cook for $3,300, no other bid being made. These shares of stock, which the evidence shows to be paid-up shares in a solvent corporation having but few debts, were thus sold under these circumstances, *en masse*, for one-tenth of their nominal value, and about one-eighth of their real value, to the president of the corporation which is the plaintiff in the judgment, who, as the evidence shows, with members of his family,

owned all the other shares in the corporation. No court, deserving to be called a court of justice, would suffer such a misuse of its process.

The judgment is affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.