THE STATE OF MISSOURI *ex rel.* J. W. STOGSDELL, Collector; N. B. ALLEN, Petitioner, Plaintiff-Appellant, v. JOHN EVANS *et al.*, Defendants; C. W. MITCHELL, Defendant-Appellant.

53  663<br>61  620

St. Louis Court of Appeals, April 18, 1893.

1. **Delinquent Taxes:** WHEN ACTION THEREFOR IS TRIABLE. An action to collect delinquent taxes is triable at the return term of the summons, when service of the summons is had more than fifteen but less than thirty days prior to such return term.

2. ————: POWER OF CIRCUIT COURT TO VACATE SALE: APPELLATE REVIEW OF ITS ACTION. The sale of land under the judgment in an action for the recovery of delinquent taxes does not require the confirmation of the circuit court. And, while that court has the power to vacate the sale prior to the final return of the execution, the exercise of that power is erroneous in the absence of a sufficient cause and may be reviewed on appeal.

*Appeal from the Oregon Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED.

*James Orchard*, for N. B. Allen, petitioner and appellant.

*Livingston & Green*, for defendant-appellants.

ROMBAUER, P. J.—These are cross-appeals, arising upon the following state of conceded facts: One Stilt was the owner disclosed by the record of certain lands in Oregon county, on which some back taxes were due. Upon proceedings for the enforcement of such taxes, judgment was rendered against Stilt on Februay 29, 1892. Execution issued on such judgment and the land was sold thereunder, and bid in by the defendant Mitchell, who was then, and has ever since been, prepared to pay the purchase price and take a deed for the land. The tax suit was instituted on December 14, 1891,

and Stilt was personally served with process therein on the fifth of February, 1892, which day was more than fifteen but less than thirty days before the beginning of the term to which such writ was returnable. Stilt did not appear, and judgment was rendered against him by default. In December, 1891, Stilt had made a quit-claim deed for the land to the plaintiff Allen, which, however, was not placed on record until after the sheriff's sale. Shortly *after* the sheriff's sale, the plaintiff tendered to the sheriff the amount of taxes, interest and costs, which the sheriff refused to accept. The plaintiff thereupon instituted the present proceeding by *ex parte* motion in the original tax suit, claiming that the judgment rendered therein was jurisdictionally defective, and praying that it may be set aside, and that the execution issued thereon may be quashed; and also praying that the sheriff may be compelled to accept the amount tendered to him and return the execution as satisfied.

The defendant Mitchell appeared voluntarily, and resisted the motion on the ground that the proceedings in the tax suit were regular in all respects, and that he, having been the highest and best bidder and purchaser at the sheriff's sale, was entitled to a deed for the land.

Upon the facts thus shown the court refused to declare the proceedings in the tax suit irregular, but made an order permitting the plaintiff Allen to redeem, and directing the sheriff not to execute a deed to the purchaser Mitchell. From this order both parties appeal. We shall dispose of the plaintiff's appeal first.

The plaintiff assigns for error that the court refused to declare the judgment in the tax suit irregular and voidable, although it was rendered at the return term of the writ and upon less than thirty days service prior to the beginning of the term.

The following provisions of the Revised Statutes of 1889 are decisive of this question. The chapter touching practice and proceedings in civil cases provides:

"Section 2014. Every original writ shall be dated on the day it is issued, and made returnable on the first day of the next term thereafter, but if the first day of such term be within fifteen days thereafter, then such writ shall be made returnable on the first day of the second term."

The chapter touching proceedings to enforce the the collection of back taxes provides:

"Section 7682. In all suits under this chapter, the general laws of the state as to practice and proceedings in civil cases shall apply so far as applicable *and not contrary to this chapter.*"

"Section 7687. All suits instituted under the provisions of this chapter shall be tried at the return term of the writ, unless continued for good cause shown."

The plaintiff's claim that the tax suit was not triable at the first term rests on a mistaken view as to applicability of the provisions of section 2042 of the practice act to proceedings under the revenue act. The section last mentioned provides in effect that suits, other than those on bonds, bills, notes and certain accounts, shall not be tried at the return term unless the defendant has been served with process at least thirty days before the beginning of such term. As, however, section 7687, *supra,* expressly provides that suits on back taxes shall be tried at the return term, and as by section 7687, *supra,* the practice act is only made applicable to tax suits *"when not contrary to this chapter,"* it is evident that all tax suits are triable at the return term of the writ, unless continued for good cause shown. There is no merit in the plaintiff's appeal.

No other objection than the one stated is made to the regularity of the tax suit. That the defendant Mitchell was the highest and best bidder at the tax sale is conceded. That he is ready to make good his bid, and has been ever since the sheriff's sale, is conceded. These facts of themselves are decisive of the error in the judgment rendered against him. A sheriff's sale in tax proceedings is not a judicial sale which requires the confirmation of a court to render it valid; the statute requires the sheriff to make a deed when he sells lands.

It is true that the title does not pass until the execution of a deed, but the deed itself relates back to the sale as against the defendant in the execution, those in privity with him and strangers with notice. *Boyd v. Ellis*, 107 Mo. 394, 401, and cases cited. The plaintiff in this case was in privity with Stilt the defendant in the execution, had notice of the existence of the taxes and of the tax sale, and the only reason which inferentially appears why the taxes were not paid by him prior to the sale is, that the lands had been sold at a prior tax sale to a third person, and that the plaintiff intended by becoming a purchaser at this tax sale to defeat the title thus acquired by the prior purchaser.

It will certainly not be contended that these facts would give the plaintiff any standing in a court of equity. The process of the court is undoubtedly under its control even where no approval of the sale by the court is necessary (*Ray v. Stobbs*, 28 Mo. 35; *American Wine Co. v. Scholer*, 13 Mo. App. 345; s. c. 85 Mo. 496), and the sale can be vacated by the court prior to a final return of the execution. The action of the court, however, in vacating it is subject to review on appeal. Where, as in this case, no facts are shown which would justify the vacation of the sale, the right of the purchaser at the sale to a deed becomes absolute.

It ·is held in many states that title to land passes by the sheriff's sale, and that a deed is not essential. Freeman on Executions, sec. 324. In this state the rule is different. But it has never been questioned that the purchaser has the right to a deed upon a valid sale at once, where such sale is not subject to the confirmation of the court. Revised Statutes, 1889, sec. ·7685. The right of redemption from such a sale is purely statutory, and in absence of a statute must rest upon a valid agreement. *Gillespie v. Stone*, 70 Mo. 505: There is no statutory right of redemption under the·present revenue law, and the delinquent's right to pay the taxes, interest and costs is confined by section 7689 to a date anterior to the sale. · It is the interest of the state that tax sales, valid and regular in all respects, should be effectual to convey the interest of the delinquent sued.

It results from the foregoing that the judgment of the trial court must be reversed. So ordered. All concur.