CASPER KRALEMAN, Respondent, v. GEORGE SIPPEL, Appellant.

### St. Louis Court of Appeals, April 17, 1894.

Contested Elections: TIME OF TRIAL. Section 4710 of the Revised Statutes, which requires the contest over an election to be tried at the first term of the court held fifteen days after the official count of the votes and service of notice of contest, unless continued by consent or for good cause shown, is directory only.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*Chester H. Krum* for appellant.

*John A. Gernez* for respondent.

ROMBAUER, P. J.—The plaintiff contests the seat of the defendant as a member of the house of delegates of the city of St. Louis. Upon a trial of the cause, the defendant not appearing, the court upon the hearing of evidence rendered a judgment in favor of the plaintiff. The defendant appeals, and assigns for the *only* error, that the judgment is void because the circuit court had no jurisdiction to determine the cause at the term at which it was determined.

Section 4710 of the Revised Statutes of 1889 provides: "Every court authorized to determine contested elections shall hear and determine the same in a summary manner, without any formal pleading; and the contest shall be determined at the first term of such court that shall be held fifteen days after the official counting of the votes, and service of notice of

contest, unless the same shall be continued by consent, or for good cause shown." It stands conceded that the trial in the case at bar was not had at such first term, but at the next term thereafter; that the cause was not continued by consent, and that the record shows no other cause for its continuance, except a rule of court under which all causes not otherwise disposed of are continued to the next succeeding term.

This section as to time of trial is merely directory, like sections 2042, 2122, and other sections of the code relating to the time of trial of certain causes. The ability of the court to dispose of certain causes at the return term is necessarily dependent upon the state of its docket. Where a cause is continued, and nothing to the contrary is shown in the record, it must be presumed that it was continued for good cause shown.

The judgment is affirmed. All concur.