THE STATE *ex rel.* LANCASHIRE INSURANCE COMPANY v. ROMBAUER *et al.*

In Banc, June 15, 1897.

1. **Appellate Jurisdiction**: MANDAMUS ON COURT OF APPEALS. In a proceeding by *mandamus* to compel the St. Louis Court of Appeals to transfer a cause to the Supreme Court on the ground that a conflict exists between its decision in the case and a previous decision of one of the courts of appeal or of the Supreme Court, it is *held* that it is a question for such court of appeals to determine whether such conflict exists, and such writ must be denied where the judges of said court, in their return, say there is no such conflict.

2. ———: ———: CONSTITUTIONAL QUESTION: WAIVER. Suit was brought against relator in the court of common pleas of Louisiana, Missouri, and on its application was taken by change of venue to the circuit court of Pike county, where defendant answered and the cause was tried, and the judgment affirmed by the St. Louis Court of Appeals, and then relator moved to transfer the cause to this court on the ground that a constitutional question was involved, in that the Louisiana court of common pleas had been abolished by the Constitution of 1875, and said motion being denied, a writ of *mandamus* was asked of this court. *Held,* that as the circuit court had jurisdiction of the subject-matter and relator by appearing therein and answering submitted its person to the jurisdiction of that court, it is immaterial whether the common pleas court had jurisdiction or not, *and* that the plea to the jurisdiction came too late to raise a constitutional question.

*Mandamus.*

WRIT DENIED.

*Elijah Robinson* for relator.

(1) The question of jurisdiction was settled by the record of the trial court, and what was done subsequent to the time the order was made by that court granting an appeal is entirely immaterial. *Baldwin v.*

*Fries*, 103 Mo. 286; *Bennett v. Railroad*, 105 Mo. 644. (2) The question as to which court has jurisdiction depends on whether a question involving the construction of the Constitution was raised in and presented to the trial court, and by said court passed on, and not on whether it was called to the attention of the court of appeals. *Bennett v. Railroad*, 105 Mo. 644; *Baldwin v. Fries*, 103 Mo. 286. (3) When a court has no jurisdiction of the subject-matter of a suit, the parties thereto can not confer jurisdiction by any act or conduct of theirs in the trial of the case—not even by consent. (4) The only questions this court has to deal with are whether this court has exclusive jurisdiction of said case, and whether the said St. Louis Court of Appeals has refused to send it here.

FROM SUGGESTIONS MADE BY RESPONDENTS.

(1) No constitutional question has been properly raised in said cause either in the trial court or in the St. Louis Court of Appeals. *Baldwin v. Fries*, 103 Mo. 287; *Bennett v. Railroad*, 105 Mo. 644. (2) The Louisiana court of common pleas being a court *de facto*, the question whether it is a court *de jure* can not, according to elementary rules, be raised in proceedings pending before it, or in any other court acquiring its jurisdiction by changes of venue from that court. (3) Neither of the respondents is of the opinion that the decision rendered in said cause was contrary to any previous decision either of the Kansas City Court of Appeals or of the Supreme Court, as appears by the last opinion of the St. Louis Court of Appeals filed herein. Hence upon the uniform construction put upon that section both by your honorable court and all appellate courts of this State, the undersigned had no jurisdiction so to certify said cause

nor has your honorable court the constitutional power to require such certification. *State ex rel. v. Philips*, 96 Mo. 570; *State ex rel. v. Smith*, 107 Mo. 527.

MACFARLANE, J.—Relator asks for a writ of *mandamus* against respondents, as judges of the St. Louis Court of Appeals, to require them to transfer to the Supreme Court a case of Charles P. Fink against relator, pending before said court of appeals, on appeal from the Pike county circuit court. The writ is demanded on two grounds: *First*, because the decision of said court of appeals is in conflict with certain decisions of the Kansas City Court of Appeals; and, *second*, because the construction of the Constitution of the State of Missouri is involved in the case. Respondents waived the issuance of an alternative writ, and made return to the petition, the substance of which is a denial of the right to a peremptory writ of *mandamus*.

The case was submitted upon an agreed statement of facts to the effect that on the fourth of March, 1893, Charles P. Fink commenced a suit against relator, in the Louisiana court of common pleas. A summons was issued and served. At the May term of said court, 1893, on the application of the defendant, the venue was changed to Ralls county; and afterward, also on application of defendant, the venue was again changed to the circuit court of Pike county. Defendant answered, and the cause was tried in the Pike circuit court, at the December term, 1893, and resulted in a judgment for plaintiff, from which defendant appealed to the St. Louis Court of Appeals wherein the judgment was reversed and the cause remanded for a retrial.

On the eighteenth of July, 1895, defendant (relator in this court) filed a motion to abate the suit on the ground that "the Louisiana court of common pleas had not at the time of the institution of this

suit, any legal existence, the said court having been abolished by the provisions of the Constitution of this State, which was adopted on the thirtieth day of October, 1875, and went into effect on the thirtieth day of November, 1875." This motion was overruled, and defendant duly excepted.

Defendant thereupon refiled its answer, the cause was tried again in said circuit court, and resulted in a verdict and judgment for plaintiff for $1,900, from which defendant again appealed. The appeal was sent to the St. Louis Court of Appeals, from which relator seeks, by this proceeding, to have the appeal transferred to this court. The motion to transfer was not made in the court of appeals until after the judgment had been affirmed by that court.

I.    The Constitution (and art. 6, sec. 6) requires the court of appeals to certify to this court, for decision, all cases wherein a judge of the former shall deem the opinion therein to be "contrary to any previous decision of any one of said courts of appeals or of the Supreme court." In the case of the *State ex rel. v. Smith et al.*, 107 Mo. 527, it was ruled that whether such conflict exists is a question for the sole determination of the judges of the courts of appeals, and the Supreme Court is given no power to determine it for them. Respondents each say, in return to this writ, that, in their opinion, no such conflict exists. On the authority of the case cited, a peremptory writ of *mandamus*, claimed on the ground that there is such conflict in the decisions, must be denied.

II.    Relator insists that the Louisiana court of common pleas was abolished by section five of the schedule of the Constitution of 1875; that the determination of that question involves the construction of the Constitution, and therefore a constitutional ques-

tion is involved which gives this court exclusive jurisdiction of the appeal.

We do not think so for this reason: The circuit court of Pike county had jurisdiction of the subject-matter of the suit, and defendant by appearing therein and defending the suit, submitted its person to the jurisdiction of that court. Said court, therefore, had complete jurisdiction to render the judgment appealed from, and it is entirely immaterial whether the Louisiana court of common pleas originally had jurisdiction or not. *Hembree v. Campbell*, 8 Mo. 573; *Powers v. Browder*, 13 Mo. 154; *Chouteau v. Allen*, 70 Mo. 290.

The plea to the jurisdiction of the Louisiana court of common pleas, filed after a trial in the circuit court of Pike county, came too late to affect the jurisdiction the said circuit court had already acquired to hear and determine the case. The plea was therefore wholly irrelevant as is also the constitutional question attempted to be raised thereby.

A peremptory writ of *mandamus* is denied. All concur, except BARCLAY, C. J., who dissents.