THE STATE ex rel. MONETT MILLING COMPANY
v. NEVILLE, Judge.

Division Two, June 26, 1900.

1. **Change of Venue:** REGULAR: DISPOSITION OF CASE. Where a change of venue is in regular order, and the court to which the change is taken has complete jurisdiction, it is the duty of the court to proceed with the cause in accordance with the rules of law applicable to such case, and not to order it stricken from the docket or decline to further proceed with it.

State ex rel. v. Neville.

2. **Striking Case From Docket: MANDAMUS.** The Supreme Court will issue its writ of mandamus to compel a circuit judge, whose court has jurisdiction of a cause which has been erroneously stricken from the docket before it was finally disposed of, to reinstate the cause and proceed to dispose of it according to law. But it will not interfere with the discretion of that court as to the judgment to be rendered, nor indicate what decision it should render in the pending cause.

## *Mandamus.*

PEREMPTORY WRIT AWARDED.

*A. W. Lyon* and *Davis & Steele* for relator.

(1) Mandamus will lie where court refuses to act and strikes case from the docket. The State ex rel. Bayha v. Phillips, 97 Mo. 331; State ex rel. Huey v. The Cape Girardeau Court of Common Pleas, 73 Mo. 560; The State ex. rel. Schonhoff v. O'Bryan, 102 Mo. 254; The State ex rel. v. Wofford, 121 Mo. 62. (2) The original decree was interlocutory. The rendering of a personal judgment against the Monett Milling Company was deferred for future action and adjudication of the court. No report or confirmation of sale was had and does not dispose of question of cost. A decree is not final unless it decides and disposes of the whole merits of the litigation, and reserves no further questions or directions for the future judgment of the court, and so that it will be unnecessary to bring up the case again for the final decision of the court. Dockhart v. Rutgers, 45 Mo. 132; Butler v. Lee, 33 How. Pr. 260; Mutual Life Ins. Co. v. Sturges, 21 N. J. Eq. 458; Garrish v. Black, 109 Mass. 474; Forbes v. Tuckerman, 115 Mass. 115; Williams v. Field, 2 Wis. 422; Dickenson v. Wise, 11 Paige 189. Williamson v. Field, 2 Barb. 283; Forgav v. Conrad, 6 How. 204. The decree is not final because it does not grant the relief contemplated by the bill. Bondurant v. Apperson, 4 Metc. 32; Philipps v. Alcorn, 4 J. J. Marsh 38; Johnson v.

Everett, 9 Paige 636; Beebe v. Russell, 19 How. 283; McMurty v. Glascock, 20 Mo. 432. The recovery of judgment for the mortgage debt or any part of it after foreclosure, opens the foreclosure. 2 Jones on Mortgages (1 Ed.), sec. 1274. It is not now a question as to whether the circuit court of Barry county acted correctly or incorrectly in setting aside the original decree. "The only question in such case is, had the court or tribunal power under any circumstances to make the order or perform the act." State ex rel. v. McKee, 150 Mo. 233. Jurisdiction of subject-matter means jurisdiction of similar actions. Rosenheim v. Hartsock, 90 Mo. 365; Posthlewaite v. Ghiselin, 97 Mo. 424; Railway v. Railway, 100 Mo. 59.

*Geo. Hubbert, D. H. Kemp* and *Cloud & Davis* for respondent.

(1) The action of the respondent in inspecting the record and determining the status of the case and declaring his lack of power, seems justified by the authorities; notwithstanding each party seemed willing for him to act, provided the act were the one desired by the party. "The court takes judicial notice of the state of a case as shown by its own records." Fears v. Riley, 148 Mo. 60; Parlin v. Hord, 145 Mo. 117; 1 Bailey on Juris., sec. 10. The record must determine the elements of supposed jurisdiction, and if it appear from the record that those elements or any of them were lacking, the previous action or decision of the court must be treated as void, and the question may be raised at any time or place. Presbyterian v. McIlhinney, 61 Mo. 540; McClanahan v. West, 100 Mo. 309; Laney v. Garbee, 105 Mo. 355; Laney v. Sweeney, 105 Mo. 360; Russell v. Grant, 122 Mo. 161; Stamps v. Bridewell, 57 Mo. 22; Brown v. Woody, 64 Mo. 547; Fisher v. Siekman, 125 Mo. 165; Hewett v. Weatherby,

57 Mo. 276; State v. St. Louis, 1 Mo. App. 503. (2) The original judgment of the Barry circuit court was a final judgment in its entirety and closed the case, so that it could no longer be said to be a pending action. Nor could that judgment be disturbed but by bill or petition in equity or by statutory motion in the nature of writ of error *coram vobis*, to neither of which classes of proceedings does the motion to set aside the judgment in question appear to belong. The decree of foreclosure passed upon and settled all the rights of all the parties, and nothing was left for the future but to give the decree effect, by executing the powers described and adjudged thereby. For in this State a judgment is a finality whenever it terminates the litigation between the parties on the merits of the case. R. S. 1889, sec. 2206; State ex rel. v. Woodson, 138 Mo. 513; 1 Blk. on Judgt., secs. 43, 44-48; 1 Frem. Judgt., sec. 22 et seq.; Myers v. Manny, 63 Ill. 211; Winthrop v. Meeker, 109 U. S. 180; 3 Sup. Ct. Rep. 111; Grant v. Phoenix Co., 106 U. S. 431; 1 Sup. Ct. Rep. 414; Mills v. Hoag, 7 Paige 18; 31 Am. D. 271; Teaff v. Hewitt, 1 Ohio St. 511; 59 Am. Dec. 634; Neall v. Hill, 16 Cal. 145; 76 Am. Dec. 508; Morris v. Morange, 38 N. Y. 172.

BURGESS, J.—This is an original proceeding by mandamus begun in this court the purpose of which is to compel the respondent, judge of the circuit court of Greene county, to reinstate and to proceed with the trial of the cause of A. J. Webber v. Monett Milling Company, H. J. Webber, Submit M. Mills, Harry N. Mills and Alberta B. Mills, which is now depending in said circuit court of Greene county on a change of venue from the circuit court of Barry county where it was begun, but which said suit the respondent before the institution of this proceeding ordered and

caused to be stricken from the docket and declined to entertain jurisdiction thereof and to proceed therewith.

On the 20th day of February, 1900, there was duly issued from this court an original writ of mandamus, directed to said Neville, as judge of the circuit court of Greene county, commanding him to forthwith set aside the order striking said cause from the docket, and to proceed to hear said cause, or that he appear and show cause before Division Two of the Supreme Court on the 10th day of April, 1900, why he should not do so.

On May 17, 1900, the respondent made return to said writ as follows:

"1st.   That on the first day of the May term of the above circuit court, on the 14th day of May, 1900, the respondent, as presiding judge thereof, ordered and caused the case of A. J. Webber, plaintiff, v. Monett Milling Company et al., defendants, to be duly docketed, with the purpose and intention to exercise the jurisdiction of the respondent's court over the said cause and its subject-matter, on the record and pleadings therein.

"2d.   That in pursuance of said purpose, respondent has received and filed in his said court the second amended answer of the relator as defendant company and amended motions of plaintiff and other defendants, and received the resignation of J. W. Vance as receiver and appointed a new receiver in his stead, and directed care and lease of the mill property in question, by consent of the parties, for the coming year.

"3d.   That the respondent and his said court stand ready to and will exercise such further power and jurisdiction, according to his best judgment, as the law seems to require, upon the issues presented or to be presented by the parties under their pleadings, and has proceeded to hear and is ready to pass upon a motion that will determine the cause.

"4th.   That respondent does not understand that he is required to decide in any particular way or to follow any special course in passing upon the issues or disposing of the cause by his legal judgment; and prays specific directions if any be intended by this Honorable Court, still waiving, however, technical writ and formal service thereof.

"Counsel for the parties disagree as to the directions; defendant's claiming that the order is to proceed to hear the case on its merits, plaintiff's counsel contending otherwise."

The action of Webber v. Monett Milling Company and others was begun in the circuit court of Barry county on the 6th day of February, 1897.   It was alleged in the petition that plaintiff was the owner and assignee of certain promissory notes aggregating the sum of $8,500, theretofore executed by the Monett Milling Company to one A. D. Butler, and secured by deed of trust on said milling company's mill plant at Monett, Missouri, in which H. J. Webber was named as trustee, and that the said defendants, the Millses, claimed the title to the land on which the mill stood, and that there were other liens against said property, and prayed judgment against the said Monett Milling Company for the amount of said notes, and a foreclosure of said deed of trust.

On the 7th day of April, 1897, during the regular term of the Barry circuit court, T. H. Jeffries who was then president of the milling company, filed an answer to said petition denying generally all the allegations therein contained.   On the next day following and during the same term, a cross bill was filed in said cause by the defendant Millses therein, in which they alleged that they were the owners of the land upon which the mill was located, and in effect that they had sold the land to the milling company for the sum of $1,500 and asked judgment for said amount, and that it be declared a vendor's lien against said premises.

Thereafter and on the same day a decree was rendered in said cause for the sale of said premises, providing for the distribution arising from sale among certain creditors and judgment rendered in favor of the Millses in the sum of $1,500 which was declared to be a vendor's lien against the premises.    Said trustee H. J. Webber was authorized by and empowered by the decree to sell the premises.

On the 13th day of April, 1898, A. J. Webber the plaintiff, filed his motion to set aside said judgment and decree which being overruled he appealed the case to the Supreme Court where it was affirmed on the 21st day of February, 1899, because of the failure of the appellant to prosecute his appeal.    Thereafter on the 9th day of March, 1899, the said milling company filed in the circuit court of Barry county its amended answer to plaintiff's petition.

On the 16th day of October, 1899, at the October term of said court, plaintiff Webber filed his motion in said cause asking that the judgment of the court theretofore made setting aside the original decree be set aside and that the cause be stricken from the docket.

On the 30th day of October, 1899, a similar motion was filed on the part of said Millses.

And afterwards, on the 1st day of November, 1899, the court overruled plaintiff's said motion and sustained defendant Millses' motion as follows:

"Now at this day the motion to set aside the order of the court setting aside the judgment heretofore rendered herein is taken up and the court finds from an examination of the records in this cause, including the bill of exceptions, that the plaintiff appeared to the proceedings had in this court to set aside said judgment and appealed from said order and that the judgment of the court in said appeal was affirmed and the court determines plaintiff is bound by said order and the motion of plaintiff to set aside the same is overruled."

The court further finds that the defendant Millses had no notice of said motion and did not appear thereto and as to said defendants the said order setting aside said judgment is nugatory and of no effect.

Immediately thereafter plaintiff filed his application for a change of revenue which was thereafter awarded to Greene county, where a complete transcript of the record and papers in said cause were sent by the clerk of the circuit court of Barry county and the said cause was docketed in said last mentioned court at the January term thereof, 1900. Plaintiff and said defendant Millses filed motions in said cause and court, asking that the said cause be stricken from the docket, whereupon the said court refused to pass upon said motion, or to take any action in said cause, or to have anything to do therewith, and ordered the same stricken from the docket by the following order entered of record, to-wit: "Now at this day on an inspection of the record, the court ascertains that it has no jurisdiction of anything therein contained and orders this cause stricken from the docket and the court and the judge thereof declines and refuses further to proceed."

It appears from the return of the respondent that after the alternative writ was issued to him, to-wit, on May 14th, 1900, he as presiding judge of the circuit court of Greene county, caused said cause of Webber v. Monett Milling Co. et al., to be docketed, with the purpose of exercising jurisdiction of said court over it, and the subject-matter involved therein, and, that he as judge of said court now stands ready and willing to exercise such further power and jurisdiction according to his best judgment as the law seems to require upon the issues presented, or to be presented by the parties under their pleadings, and is ready to pass upon a motion that will determine the case, but we, are not advised as to the character of the motion, or by whom presented.

The change of venue was in regular order, and it is clear that when the transcript of the record was filed in the office of the clerk of the circuit court of Greene county that that court had full and complete jurisdiction of the cause, and that it was its duty to proceed therewith in accordance with the rules of law applicable in such cases, and not to order the case stricken from the docket, and to decline and refuse to further proceed with it, as it was its duty to do.

But as to what decision the court shall render upon any question that may be involved in the case, or what course it shall pursue in disposing of the cause by its legal judgment, it is not our province to say, for while under the Constitution of this State (art. 6, sec. 3), "a general superintending control" is given the Supreme Court over the circuit courts and it may require them by the writ of mandamus to reinstate a cause which has been erroneously stricken from the docket, and to proceed therewith (State ex rel. Huey v. Cape Girardeau Court of Common Pleas, 73 Mo. 560), its discretion or judgment must be left free to act and can not be controlled for any particular purpose or in any particular direction.

From an inspection of the record it appears that the case has not been finally disposed of upon its merits, and as the Greene Circuit Court has jurisdiction of it, it should not be dismissed because of the want of such jurisdiction. We therefore award a peremptory writ.

*Gantt, C. J.*, and *Sherwood, J.*, concur.