# THE STATE v. JOE CLINKENBEARD, Appellant.

### Division Two, February 14, 1911.

1. **APPELLATE PRACTICE: In Case Certified from Court of Appeals.** When a cause is certified to the Supreme Court by a court of appeals on the ground that the decision therein is deemed to be in conflict with a decision of another court of appeals, it is not an open question in the Supreme Court as to whether or not such conflict does in fact exist, but the Supreme Court must hear and determine the same "as in the case of jurisdiction obtained by ordinary appellate practice."

2. **MOTION FOR NEW TRIAL: Filed After Judgment: Not Reviewable.** Where the record discloses that the motions for a new trial and in arrest were filed after judgment in the criminal case, they were untimely filed, and the Supreme Court is precluded from considering any matter of exception, but can consider only the record proper.

3. ———: ———: **Allocution: Misdemeanor.** If defendant was not asked to show cause, if any he had, why judgment should not be pronounced against him, that will not invalidate the judgment and sentence in a misdemeanor case, nor render the filing of his motion for a new trial within four days after verdict a timely filing. The allocution statute (Sec. 5263, R. S. 1909) is directory as to misdemeanors, not mandatory.

Appeal from Barton Circuit Court.—*Hon. Argus Cox,* Judge.

Affirmed.

> *Cole, Burnett & Moore* for appellant.

> *Elliott W. Major,* Attorney-General, and *James T. Blair,* Assistant Attorney-General, for the State.

(1) (a) Judgment was rendered on the coming in of the verdict and before the motion for new trial was filed. (b) The motion for new trial not having been filed before judgment, no matters of exception were before the Court of Appeals. R. S. 1899, sec.

2689; State v. Pritchett, 219 Mo. 705; State v. Rosenblatt, 185 Mo. 117. (c) The judgment was in proper form. R. S. 1899, sec. 2658; State v. Rosenblatt, 185 Mo. 117; State v. Nagel, 136 Mo. 50; State v. Stark, 72 Mo. 41; State v. Ball, 27 Mo. 325. (d) The Court of Appeals transferred this cause to this court solely because, as stated in its opinion, the opinion of that court is supposed to be in conflict with the conclusion reached by the St. Louis Court of Appeals in State v. Goff, 66 Mo. App. 491. (e) According to the authorities cited above, no such question could be considered, since the motion for new trial was not filed until after judgment, and consequently matters of exception were not before the Court of Appeals for review. The proposition upon which this case was transferred not being before the Court of Appeals, it was but a moot question in that court and could not, on this record, be more than a moot question here. This court could not consider the question of the sufficiency of the evidence in the respect mentioned were it to assume jurisdiction. Ex parte Conrades, 185 Mo. 422. (f) The motion to retransfer should be sustained. Gipson v. Powell, 167 Mo. 194; Bradley v. Insurance Co., 163 Mo. 554; Ex parte Conrades, 185 Mo. 422; State ex rel. v. Hickman, 150 Mo. 629. (g) It may be argued that jurisdiction of this case must be retained because the jurisdiction of this court in such cases does not depend upon the fact that there is in reality any such conflict, but depends solely upon the fact that one of the judges of the courts of appeals "deemed such conflict to exist." It may be urged that "this court may be fully satisfied that there is no such conflict, but it cannot remand the case, because the Constitution makes it the duty of this court in such cases to rehear and determine the cause as in case of jurisdiction obtained by ordinary appellate process." Clark v. Railroad, 179 Mo. 72; State ex rel. v. Rom-

bauer, 140 Mo. 124. The last of these cases is not very well in point here, since that was a proceeding by mandamus to require the transfer of a case in which the Court of Appeals asserted there was no conflict. As to the case in the 179 Mo., it falls far short of deciding that a court of appeals can discuss a question not in the case at all, and then certify the case by reason of a belief that that portion of the opinion is in conflict with a decision of another court of appeals. We concede that when a court of appeals passes on any question before it whether its conclusion be right or wrong, and deems its decision contrary to that of another court of appeals, whether there is conflict or not, it should certify the case, and this court's jurisdiction attaches. But we contend that the decision which is deemed to conflict with some other must be on some question before the court and on some question this court could pass upon if it assumed jurisdiction. Neither of the conditions is met in this instance, and this court consequently has no jurisdiction. This court clearly could not in this case decide any question decided in the Goff case, since the evidence could not be considered by this court. (See authorities cited under 2, supra.) We respectfully submit that this case should be retransferred to the Springfield Court of Appeals.

KENNISH, P. J.—The defendant was convicted in the circuit court of Barton county upon the first count of an information which charged a sale of intox· icating liquors in violation of section 5781, Revised Statutes 1909, of the law relating to druggists and pharmacists. His punishment was assessed at a fine of two hundred and twenty-five dollars, and from the judgment he appealed to the Springfield Court of Appeals. In the latter court, at the October term, 1909, the judgment of the trial court was affirmed. In due time appellant filed a motion for a rehearing, which

was overruled. Two of the judges deeming the decision rendered in said cause contrary to a previous decision of the St. Louis Court of Appeals, the court, of its own motion, at the same term, ordered the cause and the original transcript therein certified and transferred to this court, in accordance with the provisions of section 6 of the Amendment of 1884 to article 6 of the Constitution of this State, and the case thus comes before us for decision.

When a case is thus certified to this court for the reason that it is deemed in conflict with a former decision of this court or of another court of appeals, it is not an open question in this court as to whether such conflict does in fact exist, but this court must rehear and determine the same "as in the case of jurisdiction obtained by ordinary appellate process." [Sec. 6, Amendment of 1884 to Art. 6, Constitution of Mo.; Clark v. Railroad, 179 Mo. 66; State ex rel. v. Rombauer, 140 Mo. 121; Rodgers v. Insurance Co., 186 Mo. 248.]

It is contended by the Attorney-General that only the record proper is in judgment before this court. If this contention is well founded, then we are precluded from a review of such alleged errors as consist of matters of exception taken at the trial and sought to be preserved in the purported bill of exceptions.

It is disclosed by the record that the motions for a new trial and in arrest were filed after the court had entered judgment against the defendant. It does not appear that any objection was interposed to the action of the court in pronouncing judgment before the defendant filed his motions for new trial and in arrest of judgment, nor that the defendant thereafter moved the court to set aside its judgment in order that such motions might be filed within the time allowed by law.

Upon the foregoing state of the record, the motions for a new trial and in arrest of judgment were

filed out of time, and were unavailing to preserve for review on appeal matters of exception occurring at the trial. [State v. Pritchett, 219 Mo. 696; State v. Fraser, 220 Mo. 34; State v. Kile, 231 Mo. 50; State v. Carson, 231 Mo. 1.]

Appellant has called our attention to the fact that a proper allocution is not shown in the record, in that the defendant was not asked to show cause, if any he had, why judgment should not be pronounced against him, and he contends that by reason of that fact this case does not fall within the doctrine of the Pritchett case, supra, in which the defendant was asked to show cause before judgment.

The Pritchett Case was an appeal from a conviction for a felony; this case is an appeal from a conviction for a misdemeanor, and the mandatory or directory character of the statute, section 5263, Revised Statutes of 1909, entitling the defendant to be heard before sentence, depends upon whether the crime charged is a felony or a misdemeanor.

Section 5264 provides: "If the defendant has been heard on a motion for a new trial, or in arrest of judgment, and in all cases of misdemeanor, the requirements of the next preceding section shall be deemed directory, and the omission to comply with it shall not invalidate the judgment or sentence of the court."

Under the foregoing statutes, as construed in the decisions cited, this court is limited to a review of the record proper in this case.

The first count of the information, upon which the defendant was convicted, charged the defendant as a druggist and pharmacist, with having sold intoxicating liquor in violation of section 5781 of the Revised Statutes of 1909, and sufficiently charges the offense; the defendant was properly arraigned; the verdict is responsive to the charge; the judgment is

regular, and as no error appears in the record, the judgment is affirmed.

*Ferriss* and *Brown, JJ.*, concur.