STATE OF MISSOURI AT THE RELATION OF HARRY TAYLOR, RELATOR, v. C. JASPER BELL, JUDGE CIRCUIT COURT, RESPONDENT.—69 S. W. (2d) 323.

Kansas City Court of Appeals. February 19, 1934.

*Geo. D. McIllrath* and *Frank G. Warren* for relator.

*Roy P. Swanson, Kenneth E. Midgley, Arthur L. Reeves, Jr.,* and *Merservey, Michaels, Blackmar, Newkirk & Eager* for respondent.

BLAND, J.—This is an original proceeding in mandamus, the purpose of which is to compel respondent, a judge of the Circuit

Court of Jackson County, sitting at Independence, to set the case of Harry Taylor v. Metropolitan Life Insurance Company, appealed from a justice court, for trial "during the present or September Term" of that court. Upon the filing of the petition an alternative writ of mandamus was issued against the respondent. Thereafter, respondent filed his return to the writ, whereupon, relator filed a motion for judgment on the pleadings. The effect of the filing of such a motion is to admit all of the facts that are well pleaded in the return. [38 C. J., pp. 902, 903.]

The facts show that relator is the plaintiff in said case entitled Harry Taylor v. Metropolitan Life Insurance Company, a corporation; that plaintiff obtained a judgment against the defendant in the justice court and defendant appealed; that the appeal was allowed more than ten days before the next or September term of the circuit court.

Relator contends that under the provisions of Section 2354, Revised Statutes 1929, it was mandatory for respondent to set his case for trial during the September term. The respondent in his return bases his refusal to set said cause for trial on the ground that there exists a rule of his court, which provides that cases at issue shall be listed for trial and that of the cases at issue and so listed, a certain number, from time to time, shall be selected and listed in numerical order and sequence according to their docket numbers, said list constituting the active trial list, and the cases so listed shall be tried as nearly as possible in the order in which they appear on the list, and no case shall be tried out of its numerical order and sequence; that when the motion to set the cause for trial was filed respondent's docket was greatly congested; that there were then pending, and there are still pending, numerous cases, both those originating in the circuit court and cases appealed from the justice courts, with docket numbers smaller than and filed long prior to the case of Taylor v. Metropolitan Life Insurance Company, with issues joined and awaiting trial; that the case in controversy had not been reached for trial in its regular order and had not been placed upon the active trial list; that there were more cases, both originating in the circuit court and appealed from the justice courts, at issue than could possibly be tried by the court during the September term; that if said request of relator were granted it would necessarily result in giving his cause preference as to trial over previously filed causes at issue, all in violation of the rule of the court; that respondent has not and will not refuse to try relator's cause when the same is reached for trial in its numerical order, in accordance with the rule of the court; that the cause will probably be continued to the next term of court because of the inability of

the court to reach it in its numerical order, and for no other reason.

It is contended by relator that his case is entitled to preferential treatment as to its trial, over the general run of cases in the court over which respondent resides, under the provisions of Section 2354, Revised Statutes 1929, which reads as follows:

"All appeals (from judgments of justices) allowed ten days before the first day of the term of the appellate court next after appeal allowed, shall be determined at such term unless continued for cause."

In order to understand the nature of this statute it is necessary to examine Section 769, Revised Statutes 1929, relative to the trial of cases, generally. Under the provisions of that section, in all counties having 40,000 inhabitants or less, where the defendant has been served with process or notified within 30 days before the first day of the term at which he is required to appear, and in all cases where the suit is founded upon any bond, bill of exchange or promissory note for the direct payment of money or property and the defendant has been duly served with process, the case *"shall be determined at the term at which the defendant is required to appear, unless continued for cause."* (Italics ours.) It will thus be seen that these cases are to be determined in the same manner in point of time as are cases appealed from the justice courts. It is held, however, that it is not mandatory upon the part of the court to try such cases originating in the circuit court at such term of the court; that the provision of the statute is merely for the purpose of fixing the term at which such cases are *triable,* other classes of cases mentioned in that part of the section of the statute being triable at a subsequent term. In construing this statute it is held that, in all suits not required to be determined at the return term, the defendant cannot be compelled to go to trial and final judgment by default cannot be entered against him at that term. In other words, the language we have quoted from section 769 was used to designate the first term at which this character of cases to which we have referred might be tried, and not intended to establish any priority in the trial of cases. [See Montz v. Moran, 263 Mo. App. 293.]

There are other statutes worded similarly to section 2354 that are held to provide no more than for the term at which the class of cases covered by them are triable. For instance, under the provisions of Section 9957, Revised Statutes 1929, "all suits instituted under the provisions of this chapter (relative to taxation and revenue) shall be tried at the return term of the writ, unless continued for good cause shown." It was held by the St. Louis Court of Appeals, in construing this section, that "it is evident that all tax suits are

*triable* at the return term of the writ, unless continued for good cause shown." (Italics ours.) [State ex rel. v. Evans, 53 Mo. App. 663, 665.]

Section 10039, Revised Statutes 1929, relating to suits for taxes against road and street car companies, provides: "All suits commenced under the provisions of this article shall be tried at the return of the writ, unless continued for good cause." Section 10343, provides that certain election contests "shall be determined at the first term of such court that is to be held fifteen days after the official counting of the votes, and service of notice of the contest, unless the same shall be continued by consent, or for good cause shown." It was held in the case of Kraleman v. Sippel, 57 Mo. App. 598, l. c. 599, that "this section (10343) as to time of trial *is merely directory,* like sections 2042 (now Section 769, Revised Statutes 1929) and 2122 (now Section 943, Revised Statutes 1929) *and other sections of the code* relating to the time of the trial of certain causes." (Italics ours.) [See, also State ex rel. v. McQuillin, 246 Mo. 586, 595.] Section 934 specifically provides that: "Every suit that shall not be otherwise disposed of according to law shall be continued at the term at which the defendant is bound to appear, until the next term thereafter."

So it is quite apparent that sections 2354, 9957, 10039 and 10343, are merely special statutes fixing the term of court at which the class of cases therein described shall be triable, making such cases triable at the return term along with those mentioned in section 769, that we have referred to relative to causes arising in counties having 40,000 inhabitants, or less. As to counties of over 40,000 inhabitants (in which Jackson County is included) section 769 provides that every case in which the defendant shall be summoned or notified according to law, etc., "shall be triable at the return term." This, standing alone, makes all classes of cases in Jackson County, at least those originating in the circuit court, triable at the return term of such court and it is quite apparent that no preference is granted anywhere in the statutes to cases appealed from justice courts as to their trial in counties of 40,000 inhabitants, or over. To require respondent to set relator's case down for trial would clearly give him a preference, over the general run of cases, when none is intended to be given by the statute.

Relator calls our attention to the variance in the wording in the different clauses of section 769, in reference as to when the various classes of cases therein mentioned shall be tried, or are triable. By an examination of this section of the statute it will be found that in referring to the trial of cases in all counties having 40,000 inhabitants the cases "shall be *triable* at the return term." But as to suits

in counties having less than 40,000 inhabitants, which are triable at the return term, the statute uses the words "shall be *determined* at the term at which the defendant is required to appear, unless continued for good cause." In reference to suits on accounts originating in counties having less than 40,000 inhabitants, the statute provides that "the action shall be *triable* at the return term, unless continued for good cause." (Italics ours.) This variance is due to the fact that what now appears in this section originally constituted several sections of the statutes enacted at different times, but the various expressions in this section have been treated as meaning the identical thing. [See Montz v. Moran, supra, l. c. 260; Davis v. Robinson, supra, l. c. 297.] In other words, they provide that these various classes of cases shall be *triable* at the return term. As to when they shall be actually tried is a matter within the sound discretion of the court. [State ex rel. v. Evans, supra; State ex rel. v. McQuillin, supra, l. c. 595; Mead v. Jasper County, 18 S. W. (2d) 464; State ex rel. v. Brown, 33 S. W. (2d) 104; Hudgins v. Cons. School Dist., 312 Mo. 1; State ex inf. v. Lamar et al., 316 Mo. 721, 725, 726; Cherry v. Milam, 66 Okla. 162; Riglander v. Star Co., 90 N. Y. S. 772; Nixon v. Lehman, 137 Ga. 516; Slocum v. Brown, 105 Ia. 209; 12 C. J., p. 828; 59 C. J., pp. 1072, 1073, 1074, 1085, 1086.]

We have examined the case of Patten v. Nelson, 12 Mo. 292, and other cases cited by relator and find them not in point. In the Patten case, in construing a statute providing that cases originating in justice courts could be appealed to either one of two appellate courts, it was held that, under the provisions of what is now Section 2354, Revised Statutes 1929, the case should be sent to the court which would hold its next term the earlier, for the reason that that section contemplated a speedy determination of such causes. There is nothing inconsistent between the theory advanced in that case and our holding in the case at bar. What was meant by the court in that case is fully expressed in the opinion, l. c. 295, where the court said:

"As the session of the Common Pleas commenced within the ten days after the appeal, the case, if taken to that court, could not have been tried until the second term, whereas, by taking it to the circuit court, it was *triable* at the first term, and this term commenced months before the second term of the Common Pleas. The law is, as we understand it, that the appeal shall be taken to that court whose sittings commenced first after the appeal, having jurisdiction to try the case at that term." (Italics ours.)

That case does not hold that such a suit *must* be tried at the first term to be held by the appellate court, but that it is *triable* at that

486

term, so as to give an opportunity to the parties to try the case then. This case was decided at a time before litigation became so heavy as to cause our trial courts to fall behind with their work and, under such circumstances, is an authority going no further than holding that cases appealed from justice courts within ten days before the first day of the next term of the circuit court, shall be tried at that term, if the court's docket, in the discretion of the judge permits it.

The Legislature has found no difficulty in expressing itself when it desired preferential treatment of cases as to the time of their trial. Section 3342 (relating to Workmen's Compensation cases) provides that "all appeals to the circuit and appellate courts shall have *precedence* over all other cases except election contests." Section 10488, relative to a suit by the attorney-general against an elective official, who has been guilty of a violation of the corrupt practice act, to have his office declared vacant, provides: "Such action shall have a preference on the docket of any court of the state in which same shall be pending, over all other civil actions whatever."

It is quite apparent that there has been no abuse of the discretion vested in the respondent in setting the case in controversy. The exercise of a judicial discretion will not be interfered with by mandamus. [State ex rel. v. Neville, 157 Mo. 386; State ex rel. v. Rombauer, 140 Mo. 121; 38 C. J., pp. 593, 594, 606, 607, 608.]

From what we have said the peremptory writ should be denied and it is so ordered. All concur.