Ray v. Stobbs.

———◆———

## RAY, Respondent, v. STOBBS, Appellant.

1. When the defendant in an execution is not a resident of the county in which the land sought to be sold is situated, the plaintiff in the execution should give notice to the defendant of the issuing of the same as required by section 46 of the act regulating executions. (R. C. 1855, p. 766, § 46.) Should no such notice be given, and property be levied on and sold under the execution, the defendant may on the return day of the execution move the court to set aside such sale, and the court should set aside the same although the sheriff may have executed the deed to the purchaser before the return day of the execution.

## Appeal from DeKalb Circuit Court.

William Ray obtained a judgment against William Stobbs before a justice of the peace of DeKalb county. A transcript of the judgment was filed in the office of the clerk of the De Kalb circuit court. An execution was issued by said clerk directed to the sheriff of Andrew county. Real estate belonging to the defendant Stobbs, situate in Andrew county, was levied on and sold under this execution. The defendant was a resident of DeKalb county. The plaintiff did not notify the defendant of the issuing of the execution to Andrew county, nor did the defendant have notice thereof until after the sale by the sheriff. On the first day of the term to which the execution was returnable the defendant moved the court to quash the execution and set aside the sale thereunder on the ground, among other alleged irregularities, that the plaintiff had not notified the defendant of the issuing of said execution. The plaintiff and the purchaser resisted this motion. The court overruled it.

*Shambaugh*, for appellant.

I. The defendant being a resident of DeKalb county, he was entitled to notice of the issuing of the execution to Andrew county. (R. C. 1855, p. 766, § 46.) For this reason the sale should be set aside. This point was not decided in the cases of Hobein v. Murphy, 20 Mo. 447, and Hobein v. Drewell, 20 Mo. 450.

SCOTT, Judge, delivered the opinion of the court.

We do not consider that the principle of the case of Hobein v. Murphy, 20 Mo. 447—that a fair purchaser who had paid the price and received a conveyance could not be affected by a failure of the plaintiff in an execution to cause notice to be served on the defendant in the execution, who was a non-resident of the county in which the land sought to be sold is situated—is applicable to the proceeding before us. (R. C. 1855, tit. Execution, § 46.) That was an original petition to

set aside a sale after the transaction was completed. Here the party comes in on the return day of the execution and moves the court to set aside the proceedings of the officer for irregularity on the part of the plaintiff in the execution. It is the undoubted duty of every court to see that its process is not abused and perverted to the oppression of individuals. At the return day of process courts will see that it has not been executed in an illegal or oppressive way, and will give summary redress. Every one taking title under the process of a court must be understood as taking subject to the approval by the court of the proceedings had under it. It does not appear when the sheriff executed a deed, but although the sale was made in another county and before the return day of the execution, yet the deed need not have been made until after the return day of the execution, and the making of it before could not take away the right of the defendant.

Judgment reversed and cause remanded ; Judge Richardson concurs. Judge Napton absent.