THE STATE OF MISSOURI to use of JOHN C. SNIDER, Respondent, v. AUGUST BIERWIRTH *et al.*, Appellants.

St. Louis Court of Appeals, January 19, 1892.

Method of Enforcing Right Exemptions: RES ADJUDICATA. A motion to vacate a levy is not an appropriate proceeding to try the debtor's claim, that the property seized is exempt from levy. The overruling of such a motion does not constitute a defense, upon the theory of *res adjudicata*, to an action by the debtor against the officer making the levy for the refusal of the latter to release exempt property.

*Appeal from the Cape Girardeau Circuit Court.*—HON. H. C. O'BRYAN, Judge.

AFFIRMED.

*W. H. Miller*, for appellants.

*R. B. Oliver* and *J. W. Limbaugh*, for respondent.

BIGGS, J.—Section 4906, Revised Statutes, 1889, provides that "each head of a family at his election in lieu of the property mentioned in the' first and second subdivisions of section 4903 may select and hold exempt from execution any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of $300." Section 4907 makes it the duty of

the sheriff or other officer in whose hands any execution may come, to notify the defendant, if a resident householder or head of a family, of his rights under the foregoing section, and, if necessary, to summon appraisers to value and set aside to such defendant the property claimed as exempt.

In the case at bar the defendant Bierwirth, as sheriff of Cape Girardeau county, received two executions against the relator, and proceeded to levy upon and sell thereunder the undivided interest of the relator in certain real estate situated in said county. The action is on the official bond of the sheriff, and the breaches alleged are that prior to the levy he failed to notify the relator of his rights under section 4906, and that after the levy and prior to the sale he refused, on demand made by the relator, to have said property appraised and set aside as exempt. The jury assessed the value of the relator's interest in the land sold at $90, and thereupon the court entered a judgment for the penalty of the bond to be satisfied by the payment of $90 with costs of suit. The defendants have appealed.

For the purposes of this appeal the defendants concede that the relator was and is the head of a family, and was entitled to claim his interest in the property sold as exempt; that the defendant sheriff failed to notify him of his rights under the statute, and that, after the levy but before the sale, he refused on the demand of the relator to have the property appraised and set aside as exempt. But the defense, attempted to be made in the answer and which is urged here, is to the effect that the executions were issued in attachment proceedings, in which the interest of the relator in the property levied upon was seized; that, during the pendency of the attachment proceedings, the relator appeared and filed a motion to quash the levy under the writs, for the reason that he was the head of a family, and as such was entitled to claim the property

seized as exempt; that this motion was overruled and the judgment of the court thereupon was not appealed from ; that the attachments were sustained and final judgments rendered in the cases ; that the executions referred to herein were issued on these judgments and the attached property levied upon thereunder ; that the relator again appeared and moved the court for the same reason to set aside and annul the levies ; that this motion was likewise overruled and the judgment or order thereupon permitted to stand. The circuit court was of the opinion that this special matter constituted no defense to the action, and we are of the same opinion.

The sum and substance of the special defense was that the refusal of the court to release the property from the levies under the writs of attachments and the executions amounted to adverse adjudications as to the relator's rights, and that he was concluded thereby. Mr. Freeman, in his work on executions (Freeman on Executions, sec. 271), states it as a general rule, that a motion to vacate a levy is not an appropriate proceeding to try questions of exemptions; that such rights must be determined in some independent suit or proceeding. This undoubtedly is the law of this state. The duty of protecting claimants in their exemption rights is imposed on the sheriff. He is invested with sufficient power "to give efficacy to the law's bounty." *State ex rel. v. Barada,* 57 Mo. 562 ; *State v. Barnett,* 96 Mo. 133 ; *State v. Harrington,* 33 Mo. App. 476.

Neither is there any merit in the suggestion that the relator was concluded by the result of the contest concerning the plea in abatement. It was charged in the affidavit that the relator had fraudulently disposed of his property. The argument is made that, as he could not be charged with the fraudulent conveyance of property which was exempt, the determination of the plea in abatement adversely to him of necessity decided that the property in dispute could not be claimed as

exempt, and, therefore, the question of exemption was res judicata. It is a sufficient answer to this to say that the record does not disclose the fact that he was making a fraudulent conveyance of the particular property now in controversy. For aught that appears he may have conveyed, or attempted to convey, other property which was not specifically exempt.

We will, therefore, affirm the judgment. All the judges concurring, it is so ordered.