Finke v. Craig.

CONRAD FINKE et al., Appellants, v. F. M. CRAIG, Respondent.

St. Louis Court of Appeals, April 3, 1894.

1. **Executions:** POWER OF COURT TO VACATE SALE. When a sale of land under an execution is improperly made, as where it is made without notification to the defendant of his rights of exemption as the head of a family, the court out of which the execution has issued has power to vacate the sale even after the execution of a deed to the purchaser.

2. ———: NOTIFICATION TO DEFENDANT OF HIS RIGHTS OF EXEMPTION. It is the duty of an officer holding an execution to apprise the execution defendant of his rights of exemption, when he knows of the residence of such defendant in an adjoining county, and can reach him by the exercise of reasonable diligence.

*Appeal from the Warren Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*Emil Rosenberger* for appellant.

(1) The court erred in sustaining the motion. A motion to vacate a levy and sale under execution is not the proper proceeding to try the debtor's claim, that the property sold is exempt from execution. *State ex rel. v. Bierwirth*, 47 Mo. App. 551. This duty devolves upon the sheriff, who is invested with sufficient power to give efficacy to the law's bounty. *State ex rel. v. Barada*, 57 Mo. 562; *State ex rel. v. Barnett*, 96 Mo. 133;

*State v. Harrington*, 33 Mo. App. 476. (2) The defendant Craig was not entitled to notice under section 4943 of the Revised Statutes of 1889. This provision only applies in cases where land is situate in a different county from that in which the judgment is rendered. It is immaterial where the defendant resides. He knows there is a judgment, and he must know the consequences. *Lohmann v. Stocke*, 94 Mo. 672; *Harris v. Chouteau*, 37 Mo. 165; *Buchanan v. Atchison*, 39 Mo. 503; *Harper v. Hopper*, 42 Mo. 124.

*Johnson, Smith & Drunert* for respondent.

(1) There is no better settled question in this state, than that the courts have control of their process and the officer in charge of such process. The court undoubtedly had control of the officers and the process in this case. *Philips v. Evans*, 64 Mo. 17; *Pratte v. Canfield*, 67 Mo. 48; *Glenden v. Harrington*, 33 Mo. App. 476. (2) It was the plain duty of the officer to notify the defendant of his right of exemption and election. This he did not do, and the court interfered to prevent the abuse of its process, and to protect the defendant in his rights; and it committed no error in so doing. *Paddock v. Lance*, 94 Mo. 285; *State ex rel. v. Barnett*, 96 Mo. 133; *Garrett v. Farmer*, 21 Mo. 160; *State ex rel. v. Beamer*, 73 Mo. 37; *Hombs v. Corbin*, 20 Mo. App. 505; *State ex rel. v. Bierwirth*, 47 Mo. App. 551.

BOND, J.—This is a proceeding to set aside a sheriff's sale of real estate, upon motion of the defendant in the execution alleging that he was the head of a family and entitled to the statutory exemption of $300 in lieu of specific articles, and that said sheriff failed to apprise him (defendant) of his exemption rights.

Finke v. Craig.

The sale sought to be annulled was had under, and by virtue of, an execution against respondent, issued upon a judgment of the circuit court, and took place October 20, 1891. On the next day a deed was executed to the purchaser at such sale. Upon the hearing, the court rendered judgment, reciting the facts and sustaining the motion of respondent. Said judgment was amended at an adjourned term and finally rendered, to wit:

"The motion in this cause submitted by defendant to set aside the sale made by the sheriff of this county under an execution upon a judgment by confession against this defendant and in favor of these plaintiffs, entered in the records of this court's proceedings at its April term, 1888, coming on to be heard, and all and singular the reasons in said motion assigned being considered, and the court finding that a sale had been made of the land in said motion described under said execution levied as therein stated; and it appearing to the court that the defendant was at the time of such levy and sale a resident of Montgomery county and the head of a family, and entitled to the exemptions provided by statutes of the state of Missouri as such head of a family; and it further appearing to the court that the defendant had not received the notice of such levy, or been apprised of his rights as the head of a family to exemption from execution as provided by law, and that the officer charged with said execution had not given said defendant an opportunity, as the law required, to avail himself of the provisions of the law relating to exemptions from execution to the head of a family; it is thereupon considered, ordered and adjudged, by the court that defendant's said motion be and the same is hereby sustained, and that said sale under said execution be and the same is hereby set aside and for naught held, and that the deed made in

pursuance of said sale be canceled and annulled, and that defendant have and recover of plaintiffs his costs in this behalf incurred, and that defendant have execution against plaintiffs in accordance herewith.''

From the foregoing judgment an appeal was taken. The grounds urged for its reversal are: *First.* That the court had no jurisdiction in this proceeding to set aside the levy and sale under its execution for the failure of the sheriff to notify the defendant of the execution of his exemptions. *Second.* That the defendant was not entitled to such notice, inasmuch as he was a nonresident of the county wherein the judgment was rendered against him, and wherein the real estate sold thereunder was situated.

It is unquestionably the law that every court is vested with inherent power to prevent the misuse or abuse of its process. *American Wine Co. v. Scholer*, 13 Mo. App. 345. This jurisdiction has been exercised in setting aside sales under execution upon motion made on the first day of the term after the sale, although a prior deed had been executed in consummation of such sale. *Ray v. Stobbs*, 28 Mo. 35.

Upon full consideration of the facts in this record we have no doubt of the power of the circuit court to render the judgment *supra*, nor have we any doubt that it was the duty of the sheriff to apprise respondent of his exemption rights, notwithstanding the fact that respondent was a resident of a different county from that wherein the judgment was rendered and the land was situated, since the evidence disclosed that respondent lived in an adjoining county, and was well known to the sheriff and could have been notified of his exemption rights by reasonable diligence.

The case of *State ex rel. v. Bierwirth*, 47 Mo. App. 551, on the point in judgment, does not militate against this view. That case merely held that an officer, when

sued on his bond, could not defend by showing that a motion to vacate a levy by him, on the ground that the property seized was subject to exemption rights, had been overruled.

The judgment herein is affirmed. All concur.