Rolla State Bank v. Borgfeld.

ROLLA STATE BANK, Appellant, v. WILLIAM BORG-
FELD, Garnishee; HENRY GORMAN, Interpleader,
Respondent.

### St. Louis Court of Appeals, March 1, 1902.

1. **Exemption:** HEAD OF FAMILY: STATUTORY CONSTRUC-
   TION.  The debtor's right as head of a family to select property
   not exceeding $300 as exempt under section 3162, Revised Statutes
   1899, is in addition to his right to hold as exempt the household
   and other property mentioned in section 3159, Revised Statutes 1899.

2. ———: EXECUTION: GARNISHMENT.  A defendant in execu-
   tion may have his exemptions allowed from a fund paid into court
   under process of garnishment.

3. ———: DEBT MAY BE SELECTED AS EXEMPT FROM LEVY.
   A debt as well as any other property may be selected as exempt
   from levy and sale under the Missouri statutes.

4. ———: WAIVER OF EXEMPTIONS, WHEN.  When the officer
   levying execution does not notify the judgment debtor of his ex-
   emptions and the defendant claims them in court while the fund
   reached by execution is under control of the court, there is no waiver
   of said exemptions.

5. ———: JUDICIAL NOTICE OF STATUTE.  An execution debtor
   need not cite the law under which he makes a clear claim for ex-
   emptions.  The court takes judicial notice of the statutory law.

6. **Fund in Custody of Court.**  While a fund collected by process of
   a court remains in its control the court may by its orders so direct
   its disposition as to do justice between those entitled to be heard
   concerning it.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside,*
Judge.

AFFIRMED.

*Thomas M. & Cyrus H. Jones* for appellant.

(1.) There can be no interplea in case of a garnishment under execution. Wimer v. Pritchartt, 16 Mo. 252; Straus v. Rothan, 41 Mo. App. 610. The defendant in an execution can not interplead for property or money garnished thereunder. He must make his claim to the officer serving the execution. R. S. 1899, sec. 3163; State ex rel. v. Barada, 57 Mo. 567; Link v. Troll, 84 Mo. App. 56; State ex rel. v. O'Neill, 78 Mo. App. 20. (2) To permit the debtor to pursue a different course would open the doors to fraud on the creditor. The right of selection must be so exercised as not to work a fraud upon the creditor by permitting the debtor to select as exempt, property which has been levied upon or garnished, and at the same time conceal or dispose of other property which might have been levied upon had the right of selection been promptly exercised. To permit the debtor to lie still and fail to claim his exemptions until the officer makes the return of his execution and then come into court with an interplea for the property garnished, would have the effect of working this very wrong. 2 Freeman on Execution (3 Ed.), sec. 212a. (3) The owner of a homestead can not claim as exempt a part of the proceeds thereof garnished under an execution in the hands of the purchaser of said homestead, or a third part in lieu of and for a homestead. Casebolt v. Donaldson, 67 Mo. 308; Pierman v. McKee, 79 Mo. App. 210; McGuire v. Wilkinson, 72 Mo. 199. Plaintiff's demurrer to the interplea filed by respondent, should therefore have been sustained. But the respondent will say that he claimed the property exempt on another ground. We submit that if the respondent could interplea in this case, which we assert he can not do, the paper filed as an interplea is insufficient on any ground. The respondent does not state under what section of the statute he intended to claim said money as exempt. State ex rel. v. Wolfe, 81 Mo. App. 589. (4) The court had no jurisdiction to render judgment in favor of the respondent on his interplea. State to use v. Barada, 57 Mo.

566; State ex rel. Lewis v. Barnett, 96 Mo. 140. The pro-ceeding adopted by respondent is not authorized by any law, and being a proceeding not authorized by law the court had no· jurisdiction to entertain it.. This is too clear to require citation of authority. But even if ·it were a proceeding authorized by law, yet the pleading therein was insufficient to authorize the decree or judgment rendered by the court, and the appellant's motion in arrest should have been sustained. Paddock v. Lance, 94 Mo. 285.

*Harrison & Bland* for respondent.

(1) An execution debtor is entitled to claim his exemptions out of funds paid into court by his debtor as garnishee under the execution. Marchildon v. O'Hara, 52 Mo. App. 523. A debt not exceeding $300 due a person may at his election, in lieu of the specifically ' exempted property, become exempt from an execution or attachment against him. Wagoner v. North, etc., Co., 63 Mo. App. 206. In the case at bar, the court took into consideration the value of all of the personal property of the defendant and rendered judgment in his favor for $205, the balance required to make his $300 exemptions under the statute. Debts owing a debtor must be· claimed as exempt from execution before the debtor can complain because the debt is applied on the execution. Davis v. Williams, 68 Mo. App. 307. In Linck v. Troll, 84 Mo. App. 56 and 57, and cases cited therein, the learned court said: "The statute concerning exemptions makes it the duty of the officer making a levy on execution or attachments to apprise the defendant of his exemption rights, and in a proper case to set off to the defendant such property as is by law exempt. If he fails to do his duty in this regard and the defendant is damaged thereby, his remedy is against the officer on his official bond and not by appeal or by motion to the court from which the writ issued. But where, as in this case, property or· funds out of which a defendant is entitled to the statutory ex-

emptions comes into the custody and control of a court, before the officer, except at his own risk, could set apart the exempt property, where else is it possible for him to apply. for his exemptions but to the authority which has possession and control of its proceeds ? In Marchildon v. O'Hara, supra, it was held by this court that a defendant could appear in court and claim as exempt from execution, money which had been paid into court by his garnishee. Of necessity the law can not be otherwise." So in this case, the defendant had no other opportunity of claiming his exemptions until the money was paid into court by the garnishee. And we contend that under the rulings in the above case alone the judgment should be affirmed. (2) The court had jurisdiction to render judgment in favor of the respondent on his motion filed in the court below, for as was said in the case of Link v. Troll, "Where property or funds, out of which a defendant is entitled to the statutory exemptions, comes into the custody and control of a court, . . . where else is it possible for him to apply for his exemptions but to the authority which has possession and control of the proceeds?" So we contend that in this case, inasmuch as the sheriff failed to apprise the defendant of his exemption rights, the only remedy remaining for the respondent was to apply to the court, upon motion, which had possession and control of the proceeds out of which he was to claim his exemptions. The claim of exemptions may be made at any time before the money is paid out or the property sold. State ex rel. v. O'Neill, 78 Mo. App. 20.

BARCLAY, J.—This is a garnishment proceeding founded on an execution on a judgment entered in September, 1899, in favor of the Rolla State Bank against Henry Gorman and others, in the circuit court of Phelps county, Missouri. The execution was issued in November, 1899, returnable to the March term, 1900. It was duly "served" on de-

Vol 93, app—5.

fendant Gorman, and a Mr. Borgfeld was summoned as gar-
nishee. The answer of the garnishee admitted an indebted-
ness to the execution defendant upon a promissory note which
(with interest) amounted to $275.10, at the time when the
garnishee paid the money into court.

The execution debtor then filed a claim denominated "an
interplea," seeking to have said fund adjudged to be his.
That claim is as follows (omitting caption, which recited the
full title of the case, of the court, venue, etc.):

"Now at this day comes Henry Gorman, and asks to be
made a party to the garnishee proceedings in the above-en-
titled cause, wherein James C. Harvey, sheriff of Phelps
county, Missouri, has garnished one William Borgfeld upon
all indebtedness he may owe to Henry Gorman, the defendant
aforesaid in the above-entitled cause, and wherein said Wil-
liam Borgfeld has answered the interrogatories filed in said
proceedings, and by his answer admits that he owns a certain
note dated February 2, 1900, to one Henry Gorman for the
sum of two hundred and sixty dollars, bearing interest at the
rate of seven per cent from date. And, whereas, said Wil-
liam Borgfeld has paid into open court the principal and in-
terest of said note.

"The defendant, Henry Gorman, further states that said
note was given as the balance due on the purchase price of
one hundred and sixty acres of land, which he held and occu-
pied as a homestead, and which was exempt from any levy
under execution for the payment of his indebtedness.

"And further states that all said moneys are exempt, as
he has not in personal property, including said note, his exemp-
tion in personal property under the statutes of Missouri.

"Wherefore he prays the court to adjudge that said note
is his property, and exempt from levy and seizure under exe-
cution, and for such other and further judgments in the
premises as may seem proper to the court.

"HENRY GORMAN."

"Henry Gorman, upon his oath, states that the matters and things set forth in his pleadings herein are true, and that he is at the head of a family, and was at the time said Borgfeld was garnished, and was the sole owner of said note, and that he claims said note as exempt, and further states that he has not the amount of personal property which the law allows him exempt from, and he hereby claims his exemption rights.

"HENRY GORMAN."

Then follows the certificate of verification before the clerk.

To the foregoing claim, or "interplea," the plaintiff filed a demurrer which (omitting caption) is as follows:

"Comes now the plaintiff, the Rolla State Bank, and demurs to the interplea of Henry Gorman herein, for the following reason:

"First. Because the said interplea does not state facts sufficient to entitle him to the money attached in the hands of the garnishee and paid into court."

The trial court overruled the demurrer. The court then heard testimony and the following proceedings ensued, according to the account given by the abstract submitted here by appellant.

The defendant Gorman was introduced as a witness in his own behalf. He testified that he sold his homestead in 1900, subject to a mortgage; that he got $1,060 for it (subject to the mortgage), $800 of which was in cash, and the rest in a note for $260; that the sale was to William Borgfeld. The note for $260 was a part of the purchase price of his farm; he was the head of a family; he had lived upon the land for about forty years; he had a mare worth $40, a cow and calf worth about $25, ten head of hogs, worth about $10, a couple of plows, and a wagon worth $20, and that was all that he owned, except his household furniture. Gorman testified further that he had received said $800 cash in Feb-

ruary, 1900, but he claimed to have no money at the time of the trial March, 1901.

It should be added that Gorman further testified that the officer having the execution did not at any time apprise him of his rights to exemptions.

At the close of Gorman's testimony, the court rendered judgment in his favor for $205, as follows (omitting caption):

"Now at this day the garnishee herein, William Borgfeld, pays into court the sum of two hundred and seventy-six dollars and forty-five cents, as being the sum of money owing by him to the defendant, Henry Gorman, and the matter coming on to be heard on the interplea of defendant, Henry Gorman, for the same, and the plaintiff having stood on its demurrer to the said plea appears no further to the action, and the matter being heard on the evidence introduced, the court finds that the defendant, Henry Gorman had no homestead at the time of the trial, but is and has been the head of a family at all times since the making of said debt sued on, and is entitled as such to exempt from the execution in lieu of the first and second divisions of section  .   .   . of the statute, the sum of three hundred dollars, and that he now has property of the value of ninety-five dollars, not including the sum paid into court, and the said defendant, Henry Gorman, now claiming the right to the full amount of three hundred dollars in lieu of the property named in said subdivisions.

"It is, therefore, considered and adjudged that the sum of two hundred and five dollars of the money now in court, paid by said garnishee, be paid to the said defendant, Henry Gorman, to make him the full sum of three hundred dollars, including the property now held by him, as aforesaid, and that the costs of the garnishment, five dollars be paid out of said money, and the balance ($66.45) be paid to plaintiff."

There was no testimony offered contradicting that of Mr. Gorman.

The plaintiff filed a motion for a new trial, unavailingly, saved its exceptions and took an appeal in due course.

1. It is not important by what name the claim of Gorman for the fund paid into court by the garnishee be dubbed. The fund when in court became subject to its orders. It was entirely appropriate for the court to entertain the claim of exemption then interposed by the debtor. Marchildon v. O'Hara, 52 Mo. App. 523. The latter in his testimony asserted that the officer in charge of the execution had not notified him of exemptions. There is nothing whatever in the record tending to show any waiver of them.

The learned trial judge found as a fact, upon undisputed testimony, that $205 of the fund in court was exempt by reason of the debtor's selection as the head of a family, under the general exemption law of Missouri. R. S. 1899, sec. 3162 (same as sec. 4906 of 1889). He was entitled to that exemption in addition to the household and other property described in section 3159, Revised Statutes 1899.

2. A debt, as well as any other property, may be selected and claimed as exempt from levy and sale under the statutes on that subject. State to use Codding v. Finn, 8 Mo. App. 261. The claim to exemption is not lost by the officer's omission to apprise the debtor of his right, in the circumstances shown in this case wherein the debtor made his claim for exemption while the fund was yet in court and subject to its orders as already described. Wagoner v. North, 63 Mo. App. 206; Linck v. Troll, 84 Mo. App. 49; Greene v. Baxter, No. 8277, decided at this term. While a fund collected by the process of a court remains in its control, it is competent for the court, by appropriate orders, to so direct its disposition as to do justice between those entitled to be heard concerning it. Ray v. Stobbs, 28 Mo. 35; Aull v. Day, 133 Mo. 347.

3. It was not essential for the execution debtor to specify the section of the law under which he claimed his exemptions. The trial court took judicial notice of our statutes. It

was enough for the claimant to indicate clearly to the court the ground of his claim and the facts to support it.

The learned trial judge gave full effect to these propositions. The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.