### D. H. STANTON, Respondent, v. ESTATE OF ALLEN JOHNSON, Appellant.

Kansas City Court of Appeals, January 5, 1914.

1. GUARDIAN AND WARD: Insane Persons. An appeal will lie to the circuit court from the probate court on the refusal of that court to order a guardian of an insane person to return the purchase money fraudulently received from a purchaser at a sale of the ward's personal property.

Stanton v. Johnson's Estate.

2. **GUARDIAN'S SALE: Approval.** A guardian sold two mules. and made a false warranty of soundness to the purchaser. The purchaser made written application to the probate court for a return of the purchase money. Afterwards, while this application was pending, under advisement, the court approved the sale. It was *held*, that such approval did not bind plaintiff, nor prevent his prosecuting his application.

3. **PROBATE COURT: Jurisdiction: Equity.** An application to the probate court for a return of purchase money fraudulently obtained from a purchaser at a guardian's sale of mules made by order of the court, does not present a case of such equitable nature as to deprive that court of jurisdiction. Such court may do justice between parties by the application of equitable principles.

4. ——: ——: **Process: Control.** When the probate Court orders a guardian's sale of personal property belonging to the estate of an insane person, it has such control of its order after the sale, on a reasonable application, to see that neither injustice, oppression nor fraud is practiced under its order.

Appeal from Buchanan Circuit Court.—*Hon. Wm. D. Rusk,* Judge.

AFFIRMED.

*Broaddus & Crow* and *R. W. Grier* for appellant.

*Sterling P. Reynolds* for respondent.

ELLISON, P. J.—Allen Johnson is an insane person whose estate is in charge of a guardian appointed by the probate court of Buchanan county. At the November term on the 26th November, 1910, that court ordered the guardian to sell at public outcry a lot of personal property, including a pair of mules. Plaintiff attended the sale and purchased the mules for $500 cash, on the guardian's warranty that they were sound. The guardian made report of the sale at the same term. Plaintiff shortly discovered that one of them was worthless and at the same November term (January 23, 1911) presented his claim to the probate court asking to return the mules and that the purchase money

be paid back to him. The claim was taken under advisement until the next term (February 13, 1911) when it was overruled and disallowed; and plaintiff appealed to the circuit court. The latter court likewise found against plaintiff and he appealed to this court. As will be seen by report of the case in 163 Mo. App. 248, we reversed and remanded the cause. On retrial the judgment was for plaintiff and the guardian has brought the case here for review.

It is insisted that an appeal from the probate court is not allowed by law in cases affecting the administration of an estate of an insane person, under sections 474-533, article 19, Revised Statutes 1909. It is said that the statute is complete within itself and that no appeal is provided for and hence none should be allowed. But defendant has overlooked the fourth clause of section 3956, relating to the jurisdiction of circuit courts, reading as follows:

"Appellate jurisdiction from the judgments and orders of county courts, probate courts and justices of the peace, in all cases not expressly prohibited by law, and shall possess a superintending control over them, and a general control over executors, administrators, guardians, curators, minors, idiots, lunatics, and persons of unsound mind." The question was determined in Coleman v. Farrar, 112 Mo. 54, 72.

The next point presented against the judgment is that, the guardian report of sale was approved by the probate court which defendant claims binds plaintiff. But at the time of this approval (January 30, 1911) plaintiff's claim had been presented to the court and was pending under advisement and was not decided until February 13, 1911, when plaintiff appealed as already stated. In these circumstances the approval of the sale presents no obstacle to plaintiff's case. There was a lot of other property sold and the approval necessarily applied to that not then in contest before the court.

The next point is that plaintiff's case was one in equity and that as such the probate court had no jurisdiction. While it is true that a probate court is not a court wherein a case purely in equity can be prosecuted yet on matters where it has jurisdiction it may do justice by applying equitable principles, "whatever the nature of the demand whether equitable or legal." [Hammons v. Renfrow, 84 Mo. 332, 340; Hoffman v. Hoffman, 126 Mo. 486; Fisher v. Clopton, 110 Mo. App. 663.] And when one goes into any other court with his grievance he must be ready to give the most explicit and clear reason for having passed by the probate court. [French v. Stratton, 79 Mo. 560.]

Here was a wrong perpetrated by an agency of the probate court, viz., a guardian making a sale under its order and supervision; what more appropriate place could be found to right the wrong? If plaintiff had sought relief in the circuit court, would he not have been called upon to explain why he had not appealed to the probate court, which had entire control of the matter?

But there is another view in this connection, which is equally destructive of defendant's point. The sale was made under the order and command of the probate court. Its order was the guardian's warrant of authority and may be likened to a writ of execution or an order of sale in partition from the circuit court in the hands of a sheriff. Of the latter it was ruled that "It is the undoubted duty of every court to see that its process is not abused and perverted to the oppression of individuals. At the return day of process, courts will see that it has not been executed in an illegal or oppressive way and will give summary redress." [Ray v. Stobbs, 28 Mo. 35.] "There is scarcely any fraud . . . in the execution of a writ which may not be made the occasion for a motion to vacate a sale." [McKee v. Logan, 82 Mo. 524; City of Aurora v. Lindsay, 146 Mo. 509, 515.] These cases

have lately been fully approved (State ex rel. v. Wessell, 237 Mo. 593), and have been followed by the St. Louis Court of Appeals in Finke v. Craig, 57 Mo. App. 393; Bank v. Terrell, 135 Mo. App. 472; State ex rel. v. Innes, 137 Mo. App. 420. In Rolla State Bank v. Borgfeld, 93 Mo. App. 62, 69, BARCLAY, J., said that "While a fund collected by the process of a court remains in its control, it is competent for the court, by appropriate orders, to so direct its disposition as to do justice between those entitled to be heard concerning it."

The evidence shows that plaintiff was badly victimized by false representations made at the sale. His application to the probate court for an order for a return of his $500 was nothing more nor less than an appeal to that court to prevent a consummation of the fraud which had been practiced in executing its order of sale. It was no more than an application to set aside the sale of the mules, or to refuse to approve of their sale. To refuse plaintiff's application would be placing the endorsement of the court on a fraudulent execution of its process.

The judgment is affirmed. All concur.