THE STATE at Relation and to Use of J. L. MCKINNEY, Collector
of Revenue of Texas County, v. JACOB A. DAVIDSON, ROSA L.
DAVIDSON and TEXAS COUNTY; W. R. BROWN, Appellant.

Division One, July 30, 1926.

**1. TAXATION: Land Mortgaged to County.** Notwithstanding the land
was mortgaged to secure a loan from the County School Fund, it was tax-
abl. at its assessed value; and if taxed as the property of the mortgagor
(the actual owner and the owner of record), the fact that it was mort-
gaged to the county could not withdraw it from taxation, either in whole
or to the extent of the mortgage debt. Nor could the fact that the bond
secured by the mortgage was not taxable have any such effect.

**2. SUIT FOR TAXES: Parties: Mortgagee.** A suit for taxes should be
brought against the owner of the property, and the mortgagee and the
trustee in the mortgage should be made parties; and if a mortgage has been
made to the county to secure a loan from the County School Fund, and the
suit is brought against the mortgagor, the actual and record owner, and
against the county, and judgment obtained, a sale thereunder, absent an is-
sue of fraud, or collusion on the part of the purchaser, is not void, although
the land sells for less than the taxes due.

**3. ————: Land Mortgaged to County: Sureties on Bond as Parties.** Sure-
ties on the bond given to the county for a loan from the County School Fund
are not necessary parties to a suit to recover taxes properly assessed
against land mortgaged to the county to secure the loan. By statute (Sec.
11173, R. S. 1919) they are "personal securities," and they have no interest
in the land which makes them necessary parties to the tax suit. But never-
theless, if they are financially responsible for the amount of the bond, it is
to be presumed that they would be represented in a motion to set aside the
sale of the land to a purchaser for one-fiftieth of the bond.

**4. TAX SALE: Abstracter as Purchaser.** The abstracter, who prepared for
the collector an abstract of title of the land sold under a judgment for taxes
and hose fees were taxed as costs, has a ight to rurchase the lands at
the tax sale.

**5. ————: Motion to Set Aside: Equitable Principles.** A motion to set
aside a sale of lands under a judgment for taxes, for inadequacy of price,
filed and sustained at the same term the sale and the sheriff's deed were
made and acknowledged in open court, but before its delivery, is a pro-
ceeding on the law side of the court, but nevertheless equitable principles
are to be considered in determining whether the order should be upheld.

6. **TAX SALE: Motion to Set Aside: Trust Estate: Inadequate Price.** It is not necessary to determine whether a sale of lands for taxes can be set aside on the sole ground that the consideration was grossly inadequate where the property of infants has been sacrificed by the neglect of trustees. A loan made from the County School Fund and secured by mortgage to the county on land afterwards sold for taxes, is a trust fund, created and preserved by law for the education of school children, and if the county judges and other officials charged by law with the care of the fund neglect their duty, and through neglect permit the land to be sold for one-twentieth of its value and one-fiftieth of the loan, that neglect is a fact to be considered, in connection with the sale at the grossly inadequate price, in determining whether the sale should be set aside.

7. ———: ———: ———: **Sheriff.** The sheriff in selling land under a judgment for taxes is the agent of both plaintiffs and defendants, owing a like duty to each, and bound to protect the interest of all; and in selling land under execution for taxes mortgaged to the county to secure a loan to the County School Fund, where the county was a party to the tax suit and judgment, he necessarily knows that the county has an interest in the land, and it is his duty to see that the property is not sacrificed, and where the only bid is only one-half the taxes due and one-twentieth of the value of the land and one-fiftieth of the loan it is his duty to reject the bid and return the execution "no sale for want of bidders."

8. ———: ———: ———: **County Court: Representative at Sale.** The owners of land had borrowed $1250 from the County School Fund, and secured the loan by a mortgage to the county. Later suit for taxes was brought against the owners and the county for $48.45. Judgment was rendered, execution issued, and the land was first offered in forty-acre tracts, but no bids having been received the whole tract of two hundred acres was sold for $25, the only bid. The sheriff executed a deed to the purchaser and acknowledged it in open court, but before it was delivered and at the same term the prosecuting attorney filed a motion for the county to set aside the sale on the ground (a) that the consideration was inadequate and (b) that the county court had failed and neglected to appoint a representative to attend the sale and protect the county's interest. Both charges were clearly established by the evidence. The county judges knew of the loan and their attention had been called to the pending sale, and the sheriff necessarily knew that the county was interested in the sale. The land was worth five hundred dollars at the time. Held, the loan was a trust fund for the education of minor children; the county court especially, and the sheriff also, neglected their duty to properly protect said fund, and considering the two grounds together the sale was justly set aside.

Corpus Juris-Cyc. References: **District and Prosecuting Attorneys,** 18 C. J., Section 32, p. 1307, n. 49. **Evidence,** 22 C. J., Section 46, p. 103, n. 71. **Taxation,** 37 Cyc., p. 788, n. 58, 62; p. 791, n. 78; p. 875, n. 14; p. 1249, n. 2; p. 1373, n. 21 New; p. 1374, n. 29; p. 1375, n. 32 New; p. 1376, n. 41 New; p. 1385, n. 3.

Appeal from Texas Circuit Court.—*Hon. W. E. Barton*, Judge.

AFFIRMED.

*Lamar, Evans & Lamar* for appellant.

(1) Texas County had no interest in the land. It was exempt from taxation. Secs. 12753, 12752, R. S. 1919; State ex rel. v. Casey, 210 Mo. 235; Fitterer v. Crawford, 157 Mo. 51. (2) The question

of exemption from taxation was a matter of defense that should have been raised at the trial, and the judgment cannot be attacked at a subsequent term by a motion to quash the sale. State ex rel. Ozark Co. v. Tate, 109 Mo. 268; Heffernan v. Ragsdale, 199 Mo. 384; Curtiss v. Bell, 131 Mo. App. 245. (3) The objection that the sureties on the bond were not served with process, was not raised in the motion to quash, hence could not properly be considered by the court. Sec. 1267, R. S. 1919; Stone v. Wolfskill Bros., 59 Mo. App. 441. Even if the sureties on said bond were proper parties, they were not necessary parties and, not being made parties, would not be affected by the sale. Gitchell v. Kreidler, 84 Mo. 472; Blevins v. Smith, 104 Mo. 588; Milner v. Shipley, 94 Mo. 106; Allen v. McCabe, 93 Mo. 144. (4) The objection that W. R. Brown, the purchaser, made the abstract of title for the tax suit was not raised in the motion to quash, hence not properly before the court. Sec. 1267, R. S. 1919. Even if this question had been raised by the motion to quash, appellant was not precluded from purchasing at this sale. Walker v. Mills, 210 Mo. 689; Walcott v. Hand, 122 Mo. 628; Turner v. Gregory, 151 Mo. 106. (5) Inadequacy of consideration alone is not sufficient ground for quashing an execution sale. Hammond v. Scott, 12 Mo. 8; Meir v. Zelle, 31 Mo. 331; Phillips v. Stewart, 59 Mo. 491; Landrum v. Bank, 63 Mo. 48; Gordon v. O'Neil, 96 Mo. 355; Walters v. Herman, 99 Mo. 532; Briant v. Jackson, 99 Mo. 598; Martin v. Castle, 193 Mo. 183; Welch v. Mann, 193 Mo. 304; Derby v. Donahoe, 208 Mo. 684; Walker v. Mills, 210 Mo. 684; Dougherty v. Gangloff, 239 Mo. 649; Mangold v. Bacon, 237 Mo. 520. The consideration in the case at bar was not so inadequate as to "shock the moral sense and outrage the conscience." Hammond v. Scott, 12 Mo. 8; Meir v. Zelle, 31 Mo. 331; Martin v. Castle, 193 Mo. 183; Dougherty v. Gangloff, 239 Mo. 649.

*D. E. Moberly* for respondent.

(1) All county interest in land in this State is absolutely untaxable. Mo. Constitution, art. 10, sec. 6. A suit for delinquent taxes conveys only the interests of persons against whom a valid judgment was obtained. In this case Texas County owned a real, tangible and untaxable interest in this land, and all tax judgments, executions and sales thereunder are void on their face, so far as Texas County is concerned. R. S. 1919, sec. 1248; Watt v. Donnelly, 80 Mo. 195. (2) The question of sureties on the school fund bond not being served with process should be considered for the purpose of determining why the inadequate consideration for which this land was sold was the best bid that could be obtained under the sale which the circuit court set aside. They were proper parties, being

parties of record, who have an interest in the land described in the tax sale and in the school fund mortgage. R. S. 1919, secs. 12945, 12946, 12948, 11167, 11173, 11174. (3) While the fact that the abstracter was the purchaser at the tax sale does not alone constitute grounds for setting aside the tax sale, taken together with a disputed title due to the mortgage of the county, and known to the abstracter, and communicated by him to the bidders, it is good reason to believe that the land was sold at so grossly an inadequate price because of his action to discourage a fair price being paid. Hook v. Turner, 22 Mo. 333; Wootson v. Hinkle, 20 Mo. 290; Mangold v. Bacon, 237 Mo. 520; Conway v. Nolte, 11 Mo. 17; Cole County v. Madden, 91 Mo. 585; Rorer on Jud. Sales (2 Ed.) secs. 549, 1095; Shaw v. Potter, 50 Mo. 281; State ex rel. v. Moore, 72 Mo. 285. (4) Inadequacy, where the inadequacy amounts to gross inadequacy, is sufficient to justify the courts in quashing an execution sale. Shoe Co. v. Wyble, 261 Mo. 675; Mangold v. Bacon, 237 Mo. 520; Davis v. McCann, 143 Mo. 177; Hardware Co. v. Building Co., 132 Mo. 442; Conway v. Nolte, 11 Mo. 74; Shaw v. Potter, 50 Mo. 281; Cole County v. Madden, 91 Mo. 585; Rorer on Jud. Sales (2 Ed.) secs. 549, 1095; Guinn v. Donnell, 201 Mo. 202; Railway v. Brown, 43 Mo. 294; Holden v. Vaughn, 64 Mo. 588; Koop v. Kelsey, 121 Mo. 642. (a) In the case at bar the price paid for the land was grossly inadequate, in fact was only one-twentieth of the actual agreed valuation of the land. Davis v. McCann, 143 Mo. 177; Hardware Co. v. Building Co., 132 Mo. 442; Cole County v. Madden, 91 Mo. 585. (b) Where the price paid is grossly inadequate, the court will require that there be a strict regularity in the proceedings; where the plaintiff buys the land at the sale he becomes a purchaser with notice of the infirmities of his title, and the abstracter is in this case in the same position as the plaintiff. Nelson v. Brown, 23 Mo. 21; Laws 1921, p. 673. (c) The sheriff in selling the property was the agent of both the plaintiffs and defendants, owing a like duty to each, and bound to protect the interest of all parties concerned. It was his duty to see that the property was not sacrificed and to that end he could have returned the execution "no sale for want of bidders" and would have been protected in doing so, and such a return in this case would have been a commendable exercise of the sheriff's discretionary power. Hardware Co. v. Building Co., 132 Mo. 442; Davis v. McCann, 143 Mo. 178; Conway v. Nolte, 11 Mo. 74; Shaw v. Potter, 50 Mo. 281; Cole Co. v. Madden, 91 Mo. 585; State ex rel. v. Moore, 72 Mo. 285. (d) The failure of the county court to have a representative to attend the sale of this land to protect its interest is good ground for quashing the sale. Cole County v. Madden, 91 Mo. 585; Rorer on Jud. Sales (2 Ed.) secs. 549, 566, 1086, 1095; American Wine Co. v. Scholer, 85 Mo. 496; McKee

v. Logan, 82 Mo. 524; Parker v. Railroad, 44 Mo. 415; Nelson v. Brown, 23 Mo. 13; The State ex rel. v. Moore, 72 Mo. 285. (e) To permit the sale to stand under the circumstances would be little better than taking the property of children of Texas County and making a gift of it to the purchaser of the land at this sale, which the law does not permit. Davis v. McCann, 143 Mo. 177. (f) The county by law is but the trustee of the school funds for the benefit and education of minors and the county court are but its agents in the management and preservation of said funds for such uses and beneficiaries. Cole County v. Madden, 91 Mo. 585; Conway v. Nolte, 11 Mo. 17; Shaw v. Potter, 50 Mo. 281.

LINDSAY, C.—W. R. Brown, the appellant, was the purchaser of two hundred acres of land in Texas County at a sale under execution for taxes, and his appeal is taken from the action of the circuit court in setting aside the sale upon the motion of Texas County. Evidence for and against the motion was heard.

The transactions leading up to the sale were as follows:

On April 5, 1921, Jacob A. Davidson and Rosa L. Davidson, husband and wife, owners of the land in question, borrowed $1,250 of the capital School Fund of Texas County, and executed their bond in that sum, and also a mortgage on said land. The bond was also executed by certain other individuals as sureties. The bond was due in one year after its date, and no payments were made upon it, and the taxes accruing upon the land for the years 1920 and 1921 were not paid.

Suit for the unpaid taxes for those years was brought, and judgment obtained for $48.45, the amount of the taxes for said years. The recitals in the abstract of the record show that in the petition in the tax suit, Jacob A. Davidson, Rosa L. Davidson, James H. Covert, trustee, Jeff Davidson and Texas County were made defendants. There was personal service upon the individual defendants, and service upon the county through service upon the county clerk.

There is no serious claim on the part of the county of defect of form of the petition, the judgment rendered, the execution thereon, or the notice of sale. That all these properly described the land, set forth taxes sued for, and were in the usual form is conceded, and that the sale was had at the usual time and place of making such sales was not in dispute. The land was sold to appellant upon his bid of $25 for the whole tract of 200 acres, which was the only bid. It first had been offered for sale in 40-acre tracts, and no bids had been received. A deed was executed to appellant by the sheriff and acknowledged in open court, but delivery of the deed was withheld by order of the court, there having been filed eight days after the sale, and at the same term, the motion of Texas County asking that the

sale be set aside on the grounds (1) that the consideration was inadequate, the bid being $25 and the value of the land $2500; (2) that the county court had failed and neglected to appoint a representative to attend the sale, and protect the county's interest therein, and (3) that the interest of the county in said land was untaxable, and therefore the county could not be joined as a party defendant. It thus appears that the motion raised no issue of fraud or collusion on the part of the purchaser, or of anyone.

On behalf of the county it is urged that the county had an untaxable interest in the land, and that the tax judgment, execution and sale were void so far as Texas County was concerned. As to this, it must be said that the land was properly taxed upon its assessed value, and as the property of said Davidson, the actual owner, and owner of record, and the fact that the mortgage was to the county could not in any way withdraw the land from taxation, either in whole, or to the extent of the amount of the mortgage debt. Nor could the fact that the bond secured by the mortgage was not taxable have any such effect.

The county was the mortgagee, and the suit, in accordance with the provisions of Section 12945, was required to be brought ''against the owner of the property.'' Under that provision it has been held that the mortgagee, as well as the trustee, should be made parties to the suit. [Stafford v. Fizer, 82 Mo. 393; Gitchell v. Kreidler, 84 Mo. 472; Williams v. Hudson, 93 Mo. 524.]

Under the holdings in those cases, the mortgagee not made a party to such a suit, has certain rights of redemption, but such a sale is not void.

It is urged also on behalf of the county, and as constituting a defect in the proceedings in the tax suit, that the sureties on the bond given by the mortgagor, were not made parties to the suit. Counsel contends, although it is not a ground of the motion, that the sureties have an interest in the land, and in support of that contention citation is made to Sections 11167, 11173, 11174, and also Sections 12945, 12946, 12948, Revised Statutes 1919. The sureties had no interest of ownership in the land. Their obligation was a contractual one, to pay a debt, if the principal maker failed to do so. In the terms of Section 11173, they were ''personal securities,'' and no reason is seen, sustaining the contention, nor can we find that the sections mentioned are authority for holding that the sureties had an interest in the land which made them necessary parties to the tax suit.

Another matter urged, but not included in the motion, is, that the purchaser was shown to be the abstracter, who had prepared for the collector the abstract of title to this land and abstracts of other lands also in suit for taxes. In Walker v. Mills, 210 Mo. 684, wherein the purchaser of land at tax sale was the attorney who had brought

and looked after the suit, for the collector, it was said, at page 690: "If the collector can purchase at such sale, there is no good reason to assign why his attorney could not likewise purchase. There was no issue of fraud, collusion or anything of that character charged in the answer. So that upon the single question of the right of plaintiffs to purchase at the tax sale, under our cases, we must hold that he had such right and this contention is ruled against defendant." · The fee of the abstracter was taxable as costs. [Laws 1921, p. 673.] That relation alone did not disqualify him as a bidder. The county court had no representative present, or appointed to attend the sale or to look after the interests of the county. There is no dispute upon that point. The county clerk testified: "The county court knew that the county was sued in this tax suit. I filed the papers served on me and brought them up before the court. The matter had been discussed between me and the county court prior to the sale, but the court made no arrangement with me nor anyone else so far as I know, to have a representative at the sale."

The presiding judge of the county court testified: "I have had no discussion at any meeting of the county court as to whether or not the court should appear and protect the county's interest at a tax sale against school lands subject to school fund mortgages. We never have discussed the matter, only looking at the tax suits, we checked over them, but there was never any action taken. We appointed no representative to appear at any tax sales to protect the county's interests. We have had lands that were subject to school fund mortgages sold at tax sales."

The remaining question raised is that of inadequacy of price, which is to be taken in consideration of the testimony foregoing, and the other circumstances shown. The land was described as rough ridge land, in the extreme north part of Texas County, near the Piney River, distant about forty miles from the nearest railroad, and with improvements which did not "amount to much."

The record recites that it was admitted in open court by the respective counsel "that the valuation of the land in question is five hundred dollars."

This is not an appeal from a decree rendered in a suit in equity, but is one from an order setting aside a sale upon a motion filed and determined at the term in which the sale was made. Under the holding in Holden v. Vaughan, 64 Mo. 588, the proceeding was one on the law side of the court. [See also, Hurley v. Universal Clay Co., 278 Mo. 408; State ex rel. Hartley v. Innes, 137 Mo. App. l. c. 423.] We have set out heretofore matters about which there is no conflict in the evidence. The trial court made no finding of facts, and no declarations of law were asked by either party.

The appellant did not offer himself as a witness. The evidence consisted of the matters of record, and documentary evidence above mentioned, and the testimony of the county clerk, the presiding judge of the county court and the sheriff. The trial court had before it by the documentary evidence the fact that the land sold was subject to a mortgage to the county for $1250, given as security for a loan of moneys belonging to the school fund, and the fact that the county, as mortgagee, had been summoned in the suit. The only evidence given as to the information had by prospective bidders or others attending the sale concerning the interest of the county in the land, or as to whether knowledge of that interest affected bidding, was the testimony given by the sheriff, called as a witness by appellant. The sheriff testified: "I don't know what was generally understood as to there being a school fund mortgage on this land at the time of the sale, nor whether that reduced the bids on the land. The only way I know they would know it [was] when I read the notice and read the defendants in the suit."

There are many cases dealing with the right and duty of courts to set aside a sale, based upon grounds of inadequacy of price, and upon other circumstances preceding or immediately attending the sale, and many such cases are cited in the briefs. The contention made by counsel for the county is that where inadequacy in the consideration amounts to gross inadequacy, it is alone sufficient to justify the court in quashing an execution sale.

It is not necessary to review here the many cases cited, and that, in large part, because the question raised by counsel is elaborately discussed in Mangold v. Bacon, 237 Mo. 496, a case decided in Court in Banc, wherein the whole subject is covered, and many cases are cited in the majority opinion, and are reviewed in the dissenting opinion filed by Graves, J. The question was again discussed in the more recent case of Van Graafieland v. Wright, 286 Mo. 414. In Mangold v. Bacon, the question raised, and the manner of its consideration, in that case, is stated, l. c. 520: "May an inadequacy of consideration in a judicial sale, so gross as to shock the conscience, ever, without more, be sufficient ground in equity to set aside a sheriff's deed? The question might arise under many different conditions. To avoid *obiter*, what we say at this time must be taken as strictly applicable to a case like the one at bar. This case proceeds on the theory that land worth $1200, in actual possession as a farm, in the absence of the owner and with no actual notice to him, sold under a tax sale for a sum insufficient to pay any taxes or to fully pay a pittance of costs, on a judgment on personal service—the purchaser claiming title."

The following is stated as a conclusion, l. c. 521:

"We think the conservative and better doctrine is that a court of equity in Missouri, acting with caution and only in an aggravated case and when no aid from other equitable considerations is at hand, may set aside a sheriff's deed on the sole ground of a consideration so grossly inadequate as to shock the conscience.

"That inadequacy of consideration *is not treated in books on equity as a distinct head of equitable relief, but under the head of fraud, is nothing to the point.* The mere *name* amounts to nothing. If the inadequacy is so inflamed under all the facts as to spell fraud, then we have two things, each the equivalent of the other, viz., fraud and inadequacy."

The facts in that case constituting it an "aggravated case," are set out fully, and for comparison may be briefly stated here. Mangold as owner of a 40-acre tract of land sold it to one Hogan, taking a deed of trust to secure a deferred payment. The taxes became delinquent and the collector brought suit against "Mangold, Hogan and others." Mangold was personally served, and thereupon wrote to the collector asking to be advised of the amount of the taxes, penalty and costs. The collector answered, giving the amount, and Mangold paid it in full, received a receipt from the collector, who marked the tax book paid in full for the years in question. After that, Hogan was served by the sheriff in the suit and the suit went on to judgment; execution issued, and land worth $1200 was sold for $12.50, without actual knowledge on the part of Mangold. After Mangold had paid the taxes, the land was reconveyed to him by Hogan for a consideration, and Mangold relying on the fact that he had paid the taxes, penalties and costs, had given no further attention to the suit. In the opinion reference was made and some consideration given to the fact that the lien of the State was exhausted, and satisfied when the taxes were paid, and there was no lien left to foreclose, and that the collector had no right to foreclose a discharged lien for taxes in order to get the incidental advantage of a judgment for costs.

In arriving at a conclusion in the instant case, equitable principles are to be applied to the facts. This view, and certain others pertinent to the matter in hand are well stated by GOODE, J., in State ex rel. v. Innes, 137 Mo. App. 424, 425, heretofore cited, as follows: "The question for decision comes down to this: considering all the facts we have stated, including the purpose of the tax suit, the sacrifice of the property at less than one-fifth of its value, the prompt move to set aside the sale before the purchase money had been paid or the sheriff's deed executed, and that it is possible to do so without causing loss to the purchasers, can a court grant relief consistently with settled legal doctrines? Execution sales may be set aside on motion for about the same reasons judicial sales, in the strict sense

of the words, may be. The reason of this rule is that on motion a court can control its own process to prevent injustice. [Ray v. Stobbs, 28 Mo. App. 422; Rogers & Baldwin Hdw. Co. v. Building Co., 132 Mo. 442; 2 Freeman on Executions (3 Ed.) sec. 308.] Though the rule prevails in this State that these motions must be heard and determined according to legal procedure, it is none the less true that equitable principles are applied to the facts, to ascertain whether the sale should stand or be vacated; as is shown in the cases just cited and those to be cited. The gross inadequacy of the price is a circumstance of weight; for though the courts have professed on numberless occasions, they would not vacate a sheriff's sale for this reason, the judgments actually pronounced by them show their bark is worse than their bite. When the inadequacy of the bid was very great, some circumstance of irregularity, mistake, fraud or injustice was searched for diligently and nearly always found, which enabled the court to save its face while preventing confiscation."

In Cole County v. Madden, 91 Mo. 585, the suit was in equity to set aside a sale made by the sheriff, of property under a mortgage to Cole County, given to secure a loan of certain school moneys amounting, at the time of the sale, to about $1000. The sale was made pursuant to the order of the county court. The lot sold was worth in excess of $1000, and it was sold for $100. The petition was on the theory that the county court had made provision for an agent to be present and bid on the property up to the amount of the loan; that the agent was not present at the sale, due to the conduct and management of the sheriff in making the sale, and the consequent misapprehension of the agent. The case was mainly decided upon that point, that is, that the management of the sale by the sheriff, though not through any wrong motive on his part, caused the misapprehension in the mind of the agent of the county. But another aspect of the case was given consideration, that is, that where property belonging to infants, or trust estates, is sacrificed by the negligence of guardians or trustees, equity, in proper cases, will interfere for their protection and set aside sales thus improvidently made.

In the case at bar, there is the following in the testimony of the sheriff:

"Q. Is it not your honest opinion that this land sold for a smaller per cent of its value than the average land does at tax sales? A. Well, it is a cheap price on it."

He had been on the land in question prior to the time of the sale, and, while he testified that the improvements were not of great value, he also said that the house upon the land could not be built for $25. Necessarily, the sheriff knew of the interest of the county in the land. "The sheriff in selling the property was the agent of both the plaintiffs and defendant, owing a like duty to each and

bound to protect the interest of all parties concerned. It was his duty to see that the property was not sacrificed, and to that end he could have returned the execution 'no sale for want of bidders.' " [Davis v. McCann, 143 Mo. 178.] In this case the fund secured by the mortgage to the county was a trust fund created under and to be preserved by the laws of the State, in aid of the education of the children of the county of school age. The officials, the county judges, especially charged by law with the care of that fund, held by the county in perpetual trust for the purpose, wholly neglected their duty. They, and the other officials, concerned in or having knowledge of the suit for taxes, and of the trust relation of the county and its interest in the land, permitted that security to be sold for one-half of the amount of the adjudged taxes, and for one-twentieth of the agreed value of the property. "So if the property of infants be sacrificed by the neglect, fraud or misapprehension of their guardian, they will be relieved by setting aside the sale and by a re-sale. The order of the re-sale may be made upon the court's own motion, as guardian for all infants." [Rorer on Judicial Sales (2 Ed.) sec. 566.]

The evidence set out, and all that to which reference has been made, went in without objection on the part of appellant. Under all the circumstances in this case, it is not necessary to hold that the sale could properly be set aside on the sole ground that the consideration was grossly inadequate. The opinion in Mangold v. Bacon, had not been written at the time of the decision in State ex rel. v. Innes, supra, and the opinion was expressed in the Innes case that the decisions left unsettled the question in this State, whether inadequacy of price so gross as to shock the conscience, ever, without more, was sufficient ground to set aside a sheriff's deed. The learned author of the opinion in State ex rel. v. Innes, under that view, said, at page 426: "As additional facts are available for the ends of justice in the present matter, we will follow the fashion of other courts in similar cases and refrain from resting our opinion in favor of the appellant on the single circumstance that the property was sacri-ficed." No maker of the bond was party to the motion, nor are they represented here. If financially responsible for the amount of the bond, presumably, they would be represented.

The motion to set aside the sale was filed on behalf of Texas County by its prosecuting attorney, as was his right and duty. The judges of the county court who made the loan were required by Section 11173, Revised Statutes 1919, to "cause the same to be secured by a mortgage in fee on real estate within the county, free from all liens and encumbrances, of the value of double the amount of the loan." The taxes for the year 1920, one of the years sued upon, were delinquent at the time the loan was made, and the real

estate security taken, according to its agreed value, was worth less than óne-half the amount of the loan. These were matters which could not be cured by setting aside the sale; but, laying aside those considerations, the evidence shows that without the presence or even appointment of anyone to represent the interests of the beneficiaries of the fund loaned, those, who by virtue of their official positions bore a trust relation, permitted this security to be sacrificed for one-twentieth of its agreed value. There was gross inadequacy of price, such as might well shock the conscience of the court, and that, together with the conditions under which this sale was made, naturally tending to produce such a result, fully justified the court in setting aside the sale; and its order so doing is affirmed. *Seddon, C.,* concurs.

PER CURIAM:—The foregoing opinion by LINDSAY, C., is adopted as the opinion of the court. All of the judges concur, except *Graves, J.,* absent.