SOUTHERN COAL COMPANY, A CORPORATION, APPELLANT, v. J. L. SHEPARD, RESPONDENT.*

Springfield Court of Appeals. September 17, 1928.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2853, p. 878, n. 82; Exemptions, 25CJ, section 112, p. 70, n. 92.

*Shelley I. Stiles* for appellant.

*C. G. Shepard* for respondent.

COX, P. J.—Motion to quash levy of execution sustained. Plaintiff appealed.

Plaintiff secured a judgment before a justice of the peace in Pemiscot county against defendant for $142.70. A transcript of that judgment was filed with the clerk of the circuit court and execution issued thereon and placed in the hands of the sheriff for service. The sheriff summoned the St. Louis-San Francisco Railway Company as garnishee. The defendant then filed in the circuit court a motion to quash the levy of the execution upon the ground that he was the head of a family and entitled to the debt due him from the garnishee as exempt from execution and that the sheriff had not notified him of his rights to the exemption before summoning the garnishee. Interrogatories to the garnishee were filed and it answered stating that it was indebted to defendant in the sum of $300 and asked to be permitted to pay the money into court and be discharged. No denial of the answer of the garnishee was filed and the court made an order permitting the money to be paid into court which was done and the garnishee then discharged. A hearing was then had on the motion to quash the levy of the execution. On this hearing the court found from the evidence that defendant was the head of a family and entitled to exemptions as such. Also found that the sheriff had not notified defendant of his right to exemptions before levying the execution by summoning the garnishee. That defendant was entitled to hold the $300 paid into court by the garnishee as exempt under section 1614, Revised Statutes 1919. The court then entered judgment quashing the levy of the execution and directed the clerk to pay over to defendant the $300 paid into court by the garnishee. Plaintiff appealed.

The appellant assigns as error the finding of the court that defendant was the head of a family. Appellant also contends that if defendant were the head of a family the court could not set off exemptions to him under a motion to quash the levy of the execution. That exemptions could not be set off by the court in a proceeding of this kind.

Whether or not defendant was the head of a family was purely a question of fact and the evidence was ample to sustain the court's finding on that question.

The further contention of appellant is that when the court found that defendant was the head of a family and entitled to exemptions under the law and also found that the sheriff had not apprized defendant of his exemption rights before the levy, that all the court could do was merely to quash the levy and stop at that. That the court could not order the clerk to pay to defendant the money deposited into court by the garnishee under the previous order of the court. We do not think appellant is in position to urge that point now. The garnishee asked permission to pay the money into court and the court made the order at its request. The appellant made no objection at that time. The court made the order, the money was

paid in and the garnishee discharged without any objection being interposed by appellant. That alone should preclude appellant from now raising objection to that part of the procedure. The money, then, was paid into court without objection on the part of appellant to be disposed of by the court. Had the court merely quashed the levy and stopped at that, the money would still have been in court and subject to its orders and the clerk would not have paid it out until directed to do so by the court, and when the levy of the execution was quashed the right of the sheriff to obtain and hold the money for plaintiff to be applied on its execution was gone and plaintiff had no further interest in it and could not complain of any order made by the court in relation to it, but be that as it may, we can see nothing improper in the procedure adopted in this case. When the garnishee was summoned, interrogatories to it were required to be filed in court, and the answers to them by the garnishee were also required to be filed in court, and when the answer was filed admitting an indebtedness to defendant of the sum of $300 it was certainly within the jurisdiction of the court to permit the money to be paid into court to be by the court disposed of as the rights of the parties should require. When the money came into the custody of the court it was the duty of the court, when asked, to determine whether defendant could hold it as exempt or whether the plaintiff should be allowed to take it under its execution and apply it on its judgment. All that was necessary to give the court jurisdiction to act and make disposition of the money was for the defendant to, in some way, assert his right to claim it as exempt and it matters not in what form the claim should be made. [Rolla State Bank v. Borgfeld, 93 Mo. App. 62.]

As supporting the jurisdiction of the court to determine the question in a proceeding of this kind see, also, Ray v. Dobbs, 28 Mo. 35; Stinson v. Call, 163 Mo. 323, 63 S. W. 729; State ex rel. McKinney v. Davidson, 315 Mo. 549, 557-558, 286 S. W. 355; Marchildon v. O'Hara, 52 Mo. App. 523; Finke v. Craig, 57 Mo. App. 393.

The only case to which our attention has been called that could be construed to lend any support to appellant's contention here is the case of State ex rel. v. Bierwirth, 47 Mo. App. 551 by the St. Louis Court of Appeals, but the same court held in Finke v. Craig, supra, that the Bierwirth case was not in point on the question involved here.

We have no doubt of the jurisdiction of the court in this proceeding to make disposition of the money paid into court by the garnishee and as far as it was shown that defendant could hold it as exempt from execution to order it paid to defendant. We are of the opinion, however, that defendant was not entitled to hold the entire $300 as exempt. The statute under which he claimed the exemption, to-wit, section 1614, Revised Statutes 1919, is as follows: "Each head of a

family at his election in lieu of the property mentioned in the first and second subdivisions of section 1611 may select and hold exempt from execution any other property, real, personal or mixed or debts and wages not exceeding in value the amount of $300 except ten per cent of any debt, income, salary or wages due such head of a family." Section 1611 of the statute exempts certain specific property. Section 1614 above set out permits the head of a family, if he so desires, to select any other property that he may wish, of a value of not to exceed $300 in lieu of the specific property exempt under section 1611. In making this selection he may select other specific property or he may select debts, income, salary or wages. If he selects other specific property but not debt, income, salary or wages, he can select and hold such other property of the full value of $300, but if he selects debts, income, salary or wages, he can only hold ninety per cent thereof exempt. Ten per cent of any debt, income, salary or wages that may be due the execution debtor cannot be held exempt under this statute. The statute so reads and the courts are bound by it. The trial court therefore erred in ordering the entire $300 paid over to defendant. It should have ordered only $270 turned over to him.

The judgment will be reversed and the cause remanded with directions to set aside the judgment entered and enter judgment directing the clerk of the court to pay to the defendant $270 of the $300 paid into court by the garnishee and to pay to the sheriff to be applied on the execution the remaining $30, or if that execution has been returned, to pay costs out of it and if any balance is left, to pay that to plaintiff to apply on its judgment against defendant. *Bradley,* and *Bailey, JJ.,* concur.